

# CRONIN & BYCZEK, LLP

*Attorneys and Counselors at Law*

**Fountains at Lake Success**
**1983 Marcus Avenue • Suite C-120**
**Lake Success, New York 11042**
(516) 358-1700 • Facsimile (516) 358-1730
E-Mail: Info@cblawyers.net

LINDA M. CRONIN
CHRISTOPHER S. BYCZEK*

ANTHONY MAHONEY
MOSHE BOBKER***

*MEMBER OF NY AND FL BAR
**MEMBER OF NY AND CT BAR
***MEMBER OF NY AND NJ BAR

OF COUNSEL

DOMINICK REVELLINO
ROCCO G. AVALLONE**
CHRISTOPHER F. BELLISTRI

August 5, 2014

Honorable Joseph F. Bianco
United States District Court
Eastern District of New York
100 Federal Plaza
Central Islip, New York 11722

          RE: Simmons v. Suffolk County Police Department, Maryhaven Center of Hope, et al.
              Index No.: 14cv3884 (JFB) (ARL)

Your Honor:

      The Defendant Maryhaven Center of Hope ("Maryhaven") brought the within application in order to bring further motions to dismiss all claims filed against it by the Plaintiff pursuant to Fed. R. Civ. P. 12(b).

      The Court reviews a motion to dismiss a Complaint pursuant to Fed. R. Civ. P. 12(b) to determine merely if the Complaint pleads "enough facts to state a claim for relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007). All allegations contained in the complaint are assumed to be true. *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). A claim will have "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." All reasonable inferences are drawn and viewed in the light most favorable to the Plaintiff. *See Chase Group Alliance LLC v. City of New York Dept. of Finance,* 620 F.3d 146, 150 (2d Cir. 2010).

      The Defendant, "Maryhaven" attempts to argue at the end of its second paragraph on page two of its letter of July 25, 2014, that "Maryhaven" "did not partake in a state action". Such a position flies in the face of the facts in the Complaint, and the Amended Complaint, because the Suffolk County Police would not have been at the "Maryhaven" property had they not been summoned by the defendant, "Maryhaven". Accordingly, it has been held that in a case such as

the matter herein, to state a claim for § 1983, a plaintiff must allege "(1) an agreement between a state actor and a private party; (2) to act in concert to inflict an unconstitutional injury; and (3) an overt act done in furtherance of that goal causing damages." *Ciambriello v. County of Nassau,* 292 F.3d 307, 324-25 (2d Cir. 2002). Additionally, at the time of their arrival, the decedent was "sitting peacefully on a couch" and could not be distinguished from other residents, but for being pointed out and identified by the staff of "Maryhaven". Further, "Maryhaven" directed the police officers to arrest the Plaintiff and take him for a psychological evaluation.

Additionally, the Amended Complaint at paragraph 24 specifically alleges that,

> "On occasion in the past if he was uncooperative, the staff had been instructed to involve Dainell's mother, Glynice Simmons, by telephone so that she could speak to her son directly and no further intervention was necessary. On July 24, 2013 the staff at Maryhaven failed to adhere to aforesaid protocol that had been in existence for a number of years and the personnel on duty that evening unjustifiably made a 911 call with inaccurate statements about Dainell and his behavior. This caused the Suffolk County Police, when they arrived at Maryhaven, to arrest Dainell as a result of the violation of duty of due care by Maryhaven to use proper crisis intervention." (Amended Complaint, paragraph 24).

Further, it is alleged that "the employees on duty were not hired, trained and/or retained consistent with the duty of care owed to individuals in the special needs community" (Amended Complaint, paragraph 24).

The Amended Complaint specifically alleges that the staff, agents, and employees of "Maryhaven" directed the police officers to arrest the Plaintiff and take him for a psychiatric examination. Further, the Amended Complaint at paragraph 119 specifically states that the "staff of 'Maryhaven' acted grossly negligent, recklessly, and unreasonably and further departed from ordinary care in directing and acquiescing in the arrest and use by the Suffolk County Police of a taser on the Plaintiff/decedent, who presented no threat of imminent danger to himself or to others".

Likewise, at paragraph 116, it is alleged that,

> " 'MARYHAVEN' " employees failed to advise the police that they had the deceased under control and that their presence was not necessary. 'MARYHAVEN' had an obligation and duty to diffuse the situation and to advise the police in advance of the same. 'MARYHAVEN' should have recognized the danger of allowing the police to interact with the deceased, an autistic, non-verbal individual. The deceased had been calmly sitting on the couch when the police arrived and 'MARYHAVEN' should not have allowed the interaction with the police knowing that the deceased did not require any psychiatric evaluation, was under constant medical care and

supervision, and that he was in fact, not an 'emotionally disturbed person' but rather, that he was autistic, and therefore, by forcibly arresting the deceased, making him leave his home would be against standard operating procedure and treatment of autistic adults in a group home setting and would likely result in injury or death to the deceased" (Amended Complaint, paragraph 116).

For the foregoing reasons, it is respectfully submitted that the defendant, "Maryhaven's" request be denied at this time, for its proposed motions would be unsuccessful and should be reserved until such time, as it has filed its Answer and the Pre-Trial Discovery is complete.

Respectfully Submitted,

Linda M. Cronin, Esq. (LC2205)

LMC\ab

CC: Bartlett, McDonough & Monoghan, LLP (via ECF)
    Dennis M. Brown
    County Attorney (via ECF)