UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

Index No.: 14cv3884 (JFB) (ARL)

GLYNICE SIMMONS, Individually and as Administratrix of the Estate of DAINELL ERIK SIMMONS,

Plaintiff,

-against-

THE COUNTY OF SUFFOLK AND SUFFOLK COUNTY POLICE DEPARTMENT, POLICE OFFICERS "JOHN DOE" 1-10 individually and officially as members of the Suffolk County Police Department, MARYHAVEN CENTER OF HOPE FOR MENTALLY CHALLEGED INDIVIDUALS, and EMPLOYEES "JOHN DOE" 1-10,

Defendants.

# MEMORANDUM OF LAW

BARTLETT, McDONOUGH
& MONAGHAN, LLP
Attorneys for Defendant
MARYHAVEN CENTER OF HOPE, INC.
170 Old Country Road
Mineola, New York 11501
Tel: (516) 877-2900

To:     Cronin & Byczek, LLP
        Attorneys for Claimant
        1983 Marcus Avenue, Suite 227
        Lake Success, New York 11042

        Dennis M. Brown
        County Attorney
        Attorney for Respondent
        H. Lee Dennison Building
        100 Veterans Memorial Highway
        Hauppauge, New York 11788

# TABLE OF CONTENTS

**Pages**

Table of Authorities . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .     iii

Preliminary Statement . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .     1

Statement of Facts . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .     3

Argument . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .     4

**Point I –**
**The Second, Fourth And Tenth Causes Of Action Must Be Dismissed**
**As Maryhaven Is Not A State Actor And Did Not Engage In Conduct**
**Under Color Of State Law** . . . . . . . . . . . . . . . . . . . . . . . . . . . .     5

**Point II –**
**Plaintiffs Failed To State A Claim Pursuant To 42 USC §1981** . . . . . . . . . . .     11

**Point III –**
**Plaintiffs Eighth And Tenth Causes Of Action Pursuant To**
**42 USC §1986 Must Be Dismissed As Plaintiffs Failed To Allege A**
**Cause of Action Pursuant To 42 USC §1985.** . . . . . . . . . . . . . . . . . . . . .     12

**Point IV –**
**Once The Federal Causes Of Action Are Dismissed, The Court Is**
**Divested Of Federal Jurisdiction Over Maryhaven And Any Remaining**
**State Law Claims Must Be Dismissed Pursuant To Rule 12(b)(1)** . . . . . . . . . .     14

**Point V –**
**Several Causes of Action Can Also Be Dismissed Pursuant To**
**Rule 12(b)(6) As Plaintiffs Failed To State A Claim Upon**
**Which Relief Can Be Granted** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .     16

Conclusion . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .     19

# TABLE OF AUTHORITIES

## Cases

Adickes v. S.H. Kress & Co., 398 U.S. 144, 152, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970)........................... 8

Seabrook v. Jacobson, 153 F.2d 70, 72 (2d Cir. 1998) .................................................................. 15

Aurecchione v. Schoolman Transp. System, Inc., 426 F.3d 635, 638 (2d Cir. 2005) ................................. 5

Auster Oil & Gas, Inc. v. Stream, 764 F.2d 381, 388 (5th Cir.1985)................................................... 9

Blum v. Yaretsky, 457 U.S. 991, 1010-11, 102 S. Ct. 2777, 73 L. Ed. 2d 534 (1982) ............................... 6

Brown v. City of Oneonta, 221 F.3d 329, 341 (2d Cir.2000).......................................................... 12

Brown v. Dep't of Corr. Servs., 09-CV-00949S F, 2011 WL 2182775 (W.D.N.Y. June 2, 2011) ........... 13

Burton v. Wilmington Parking Auth., 365 U.S. 715, 725, 6 L. Ed. 2d 45, 81 S. Ct. 856 (1961)................ 7

California Motor Transport Co. v. Trucking Unlimited, 404 U.S. 508, 515 (1972) ................................... 4

Carmody v. City of N.Y., No. 05–CV–8084 (HB), 2006 WL 1283125, at *5, 2006 U.S. Dist. LEXIS
25308, at *16 (S.D.N.Y. May 11, 2006) ............................................................................... 9

Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 350 n.7 (1988) ...................................................... 14

Castro v. Cnty. of Nassau, 739 F. Supp. 2d 153, 165 (EDNY 2010) ..............................................6, 9

Ciambriello v. County of Nassau, 292 F.3d 307, 324 (2d Cir.2002).................................................... 8

City of Oklahoma City v. Tuttle, 471 U.S. 808, 816, 105 S.Ct. 2427, 85 L.Ed.2d 791 (1985) ................... 6

Conley v. Gibson, 355 U.S. 41, 45-46 (1957).......................................................................... 4

Cranley v. Nat'l Life Ins. Co., 318 F.3d 105, 112 (2d Cir. 2003)....................................................... 8

Domino's Pizza, Inc. v. McDonald, 546 U.S. 470, 474-75 (2006) .................................................... 11

Drayton v. Toys 'R' Us Inc., 645 F.Supp.2d 149, 163 (SDNY 2009) ..............................................8, 9

Fisk v. Letterman, 401 F.Supp.2d 362, 378 (S.D.N.Y.2005) .......................................................... 9

Ford v. D.C. 37 Union Local 1549, 579 F.3d 187 (2d Cir. 2009) .................................................... 15

Forziano v. Indep. Grp. Home Living Program, Inc., CV 13-0370, 2014 WL 1277912 (EDNY. Mar. 26,
2014)....................................................................................................................... 7

Gallop v. Cheney, 642 F.3d 364, 2011 WL 1565858 (2d Cir. 2011) ................................................ 13

Ginsberg v. Healey Car & Truck Leasing, Inc., 189 F.3d 268, 272 (2d Cir.1999) ..................................... 8

Giuliano v. Everything Yogurt, Inc., 819 f.Supp.240 (E.D.N.Y. 1993)................................................. 4

Hadges v. Yonkers Racing Corp., 918 F.2d 1079, 1081 (2d Cir. N.Y. 1990)........................................ 7

J.S. ex rel. N.S. v. Attica Cent. Sch., 386 F.3d 107, 110 (2d Cir. 2004) ............................................. 5

Jackson v. Metro. Edison Co., 419 U.S. 345, 351 n.7, 95 S. Ct. 449, 42 L. Ed. 2d 477 (1974).................. 6

Jackson v. Metropolitan Edison Co., 419 U.S. 345, 351, 42 L. Ed. 2d 477, 95 S. Ct. 449 (1974) ............. 7

Kamen v. American Tel. & Tel. Co., 791 F.2d 1006, 1011 (2d Cir. 1986)............................................. 5

Leon v. Murphy, 988 F.2d 303, 311 (2d Cir.1993) .................................................................... 13

Logan v. St. Luke's-Roosevelt Hospital Center, 636 F. Supp. 226, 236 (S.D.N.Y. 1986) aff'd, 805 F.2d
391 (2d Cir. 1986) ....................................................................................................... 7

Makarova v. United States, 201 F.3d 110, 113 (2d Cir. 2000)......................................................... 5

Masters v. Becker, 22 A.D.2d 118, 254 N.Y.S.2d 633 (2d Dept. 1964) ............................................ 17

Mian v. Donaldson, Lufkin & Jenrette Sec. Corp., 7 F.3d 1085, 1087, cert. denied 516 U.S. 824, 116 S.Ct.
88, 133 L.Ed.2d 45 ..................................................................................................... 11

Morrison v. Nat'l Austl. Bank Ltd., 547 F.3d 167, 170 (2d Cir. 2008), aff'd, 130 S. Ct. 2869, 177 L. Ed. 2d 535 (2010) ................................................................................................................... 4

Portnoy v. Bucalo, 82 Misc. 2d 590, 592, 370 N.Y.S.2d 799, 802 (Sup. Ct. 1975)..................... 17

Posr v. Court Officer Shield # 207, 180 F.3d 409, 419 (2d Cir.1999) ......................................... 12

Puglisi v. Underhill Park Taxpayer Assoc., 947 F.Supp. 673, 706 (S.D.N.Y.1996).................... 9

Rendell-Baker v. Kohn, 457 U.S. 830, 840-41, 102 S. Ct. 2764, 73 L. Ed. 2d 418 (1982) ....... 6

Romeo v. Aid to the Developmentally Disabled, Inc., 2013 U.S. Dist. LEXIS 41639 (E.D.N.Y. 2013) .... 7

Russell v. Aid to Developmentally Disabled, Inc., 2013 U.S. Dist. LEXIS 23259 (E.D.N.Y. 2013).......... 7

Serbalik v. Gray, 27 F.Supp.2d 127, 131–32 (N.D.N.Y.1998) .................................................... 9

Shapiro v. City of Glen Cove, 236 Fed.Appx. 645, 647 (2d Cir.2007)......................................... 9

Sharehold Representative Servs. LLC v. Sandoz Inc., No. 12 Civ. 6154 (DLC), 2013 U.S. Dist. LEXIS 111378, 2013 WL 4015901 .............................................................................................. 5

Skokomish Indian Tribe v. France, 269 F.2d 555, 557 n.2 (9th 1959)......................................... 4

Somin v. Total Community Management Corp., 494 F.Supp.2d 153 (E.D.N.Y.2007) ................. 15

Sybalski v. Indep. Group Home Living Program, Inc., 2007 U.S. Dist. LEXIS 30097 (E.D.N.Y. Apr. 24, 2007) aff'd by 546 F.3d 255, 2008 U.S. App. LEXIS 21507 (2d Cir. 2008) ........................ 7

Sykes v. James, 13 F.3d 515, 519 (2d Cir.1993) .......................................................................... 6

Thomas v. Roach, 165 F.3d 137, 147 (2d Cir.1999) .................................................................... 12

Valez v. City of N.Y., No. 08 Civ. 3875, 2008 WL 5329974, at *3 (S.D.N.Y. Dec. 16, 2008) ................. 8

Young v. Suffolk Cnty., 705 F. Supp. 2d 183, 208 (EDNY 2010) ........................................12, 13

## Statutes

28 USC §1367 ................................................................................................................................ 14

42 USC §1981 .......................................................................................................................... passim

42 USC §1983 .......................................................................................................................... passim

42 USC §1985 .................................................................................................................2, 12, 13, 16

42 USC §1986 .................................................................................................................2, 12, 13, 16

Civil Rights Act of 1866................................................................................................................ 11

Fed. R. Civ. P. 12(b)(6) .................................................................................................................. 4

Rule 12(b) ................................................................................................................................ passim

## PRELIMINARY STATEMENT

This Memorandum is respectfully submitted by Defendant, Maryhaven Center of Hope, Inc. ("MARYHAVEN"), in support of MARYHAVEN's Rule 12(b)(6) motion to dismiss Plaintiffs' Second Amended Complaint ("Complaint") as Plaintiffs have failed to state a claim upon which relief can be granted. Moreover, if the state law claims are not dismissed pursuant to Rule 12(b)(6), to the extent the Court is divested of original federal jurisdiction, then the remaining sixth, seventh and ninth causes of action must be dismissed as the Court cannot exercise supplemental jurisdiction over the remaining state law claims.

The instant matter surrounds the unfortunate death of DAINELL ERIK SIMMONS. On July 24, 2013, the staff at MARYHAVEN had called 911 to assist with DAINELL prompted by his behavior. The SUFFOLK COUNTY POLICE DEPARTMENT responded to the scene and an altercation ensued between DAINELL and the police officers on MARYHAVEN's premises. DAINELL became unresponsive and ultimately, he was pronounced dead at Mather Hospital.

The Complaint alleges that Defendant, MARYHAVEN, and its employees, were negligent for the false arrest, false imprisonment, excessive force, negligence, negligent training, hiring, retention and supervision, personal injury, assault battery, failure to render medical aid, abuse of process, civil conspiracy, invasion of privacy and violations of Plaintiffs' civil rights, pursuant to the Federal and New York State Constitutions and law, to be free from racial profiling, intentional infliction of emotional distress, willful and intentional interference with Plaintiffs' right of free speech, negligent infliction of emotional distress and all rights under the Federal and State Constitutions, under the First, Fourth, Fifth and Fourteenth Amendments. Plaintiffs also asserted claims under 42 USC §1981, §1983 and §1986, in addition to state law

claims. Plaintiffs allege that Defendants' actions resulted in the wrongful death of DAINELL ERIK SIMMONS.

As will be fully argued below, Plaintiffs cannot maintain any of these claims against MARYHAVEN. In fact, the complaint contains allegations of conduct on the part of the CO-DEFENDANT, SUFFOLK COUNTY POLICE DEPARTMENT and its individual police officers which are entirely distinguishable from any allegations made against MARYHAVEN.

In that regard, Plaintiffs' Complaint alleges eight causes of action against MARYHAVEN.[1] The Second, Fourth, and Tenth causes of action must be dismissed because in order to maintain a claim through 42 USC §1983, the party must either be a state actor or engage in conduct under state law, MARYHAVEN was not and did not. The first cause of action pursuant to 42 USC §1981 must be dismissed as Plaintiffs did not allege that the parties made or attempted to enforce a contract and therefore, the statute is inapplicable. The eighth cause of action pursuant to 42 USC §1986 must also be dismissed as Plaintiffs failed to even allege a cause of action pursuant to 42 USC §1985, which is a prerequisite for a §1986 claim.

With respect to the State law claims, the second, fourth, sixth, seventh and ninth causes of action can also be dismissed as Plaintiffs failed to plead sufficient allegations to state a claim upon which relief can be granted against MARYHAVEN. Once the causes of action granting federal subject matter jurisdiction are dismissed, then this Court will be divested of original jurisdiction. Therefore, the remaining state law claims asserted in the sixth, seventh and ninth causes of action must be dismissed as the Court can no longer exercise supplemental jurisdiction.

---

[1] The Third and Fifth causes of action are against the County Defendants only.

## STATEMENT OF FACTS

MARYHAVEN is an independent and private, not-for-profit corporation affiliated with Catholic Health Services of Long Island. MARYHAVEN is exclusively dedicated to serving the developmentally disabled community through a network of programs and services including day habilitation and residential services. DAINELL ERIK SIMMONS ("DAINELL") was a 29 year old African-American male with Autism. Because of his diagnosis, he became a resident in one of MARYHAVEN's Individualized Residential Alternatives ("IRA")[2], commonly known as a group home, located in Middle Island, New York.

Leading up to the events in question, on July 24, 2013 DAINELL exhibited what the complaint describes cryptically as "uncooperative" behavior. MARYHAVEN is alleged to have breached professional duty of care to de-escalate, and thereafter, a MARYHAVEN employee called 911 and requested police assistance as DAINELL remained uncooperative and agitated. Plaintiffs allege that 911 was unjustifiably called and that "inaccurate statements" were made regarding DAINELL's behavior. In any event, Co-Defendant, SUFFOLK COUNTY POLICE DEPARTMENT, responded and MARYHAVEN staff "pointed out" DAINELL. It is alleged that the SUFFOLK COUNTY POLICE DEPARTMENT police officers handcuffed, tasered and pepper sprayed DAINELL and used excessive force resulting in his death.

The Complaint does not allege that MARYHAVEN had any intentional contact with DAINELL before or after the SUFFOLK COUNTY POLICE DEPARTMENT arrived.

The Complaint does allege that MARYHAVEN had an obligation to diffuse the situation and to advise the police officers, in advance, that DAINELL had calmed down and should not

---

[2] "IRA" is an Individualized Residential Alternative which is a "facility providing room, board and individualized protective oversight" designed to provide a setting where persons can acquire the skills necessary to live as independently as possible. 14 NYCRR 635-99.1 (br)(2)(iii).

3

have pointed him out and identified him to the police officers. Essentially, the only interaction alleged between MARYHAVEN and SUFFOLK COUNTY POLICE DEPARTMENT was during the 911 call, and when MARYHAVEN "identified" DAINELL to the police officers. Other than the conclusory allegation that MARYHAVEN acted "in concert" with the State Defendants, the Complaint is silent as to any actions that would rise to the level of joint activity with a state actor rising to the level of acting under color of state law.

## ARGUMENT

A motion to dismiss pursuant to Rule 12(b)(6) is the proper method of testing the legal sufficiency of a complaint. Fed. R. Civ. P. 12(b)(6); Skokomish Indian Tribe v. France, 269 F.2d 555, 557 n.2 (9th 1959). For the purpose of a motion to dismiss for failure to state a claim, well-pleaded factual allegations of the complaint are taken to be true. California Motor Transport Co. v. Trucking Unlimited, 404 U.S. 508, 515 (1972). "A court may only dismiss a complaint under Rule 12(b)(6) if after accepting the material facts alleged in the complaint as true, it still appears 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.' " Giuliano v. Everything Yogurt, Inc., 819 f.Supp.240 (E.D.N.Y. 1993) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)).

To the extent that the Complaint makes out any allegations against MARYHAVEN, such claims would only be founded in State law principles. Should this Court dismiss the Federal claims, then the Court will be divested of subject matter jurisdiction over these supplemental claims.

"Determining the existence of subject matter jurisdiction is a threshold inquiry, and a claim is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it." Morrison v. Nat'l Austl.

<u>Bank Ltd.</u>, 547 F.3d 167, 170 (2d Cir. 2008), aff'd, 130 S. Ct. 2869, 177 L. Ed. 2d 535 (2010). "On a motion to dismiss for lack of subject matter jurisdiction pursuant to Rule 12(b)(1), '[t]he plaintiff bears the burden of proving subject matter jurisdiction by a preponderance of the evidence.'" <u>Sharehold Representative Servs. LLC v. Sandoz Inc.</u>, No. 12 Civ. 6154 (DLC), 2013 U.S. Dist. LEXIS 111378, 2013 WL 4015901, at *6 (S.D.N.Y. Aug. 7, 2013) (quoting <u>Aurecchione v. Schoolman Transp. System, Inc.</u>, 426 F.3d 635, 638 (2d Cir. 2005)). "In reviewing such a motion, the court 'must accept as true all material factual allegations in the complaint, but [is] not to draw inferences from the complaint favorable to plaintiff.'" <u>Id.</u> (quoting <u>J.S. ex rel. N.S. v. Attica Cent. Sch.</u>, 386 F.3d 107, 110 (2d Cir. 2004)). "In resolving a motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1), a district court may . . . refer to evidence outside the pleadings." <u>Makarova v. United States</u>, 201 F.3d 110, 113 (2d Cir. 2000) (citing <u>Kamen v. American Tel. & Tel. Co.</u>, 791 F.2d 1006, 1011 (2d Cir. 1986)).

## POINT I

### THE SECOND, FOURTH AND TENTH CAUSES OF ACTION MUST BE DISMISSED AS MARYHAVEN IS NOT A STATE ACTOR AND DID NOT ENGAGE IN CONDUCT UNDER COLOR OF STATE LAW

Plaintiffs have not alleged facts sufficient to deem MARYHAVEN a state actor or acting under color of state law, therefore, pursuant to Rule 12(b)(6), Plaintiffs' claims pursuant to 42 USC §1983 must be dismissed. In that regard, if a party is not itself a state actor, then sufficient allegations must be set forth in the Complaint to establish that a party engaged in conduct under color of state law. Since Plaintiffs' Complaint fails to state sufficient facts to suggest that MARYHAVEN acted under color of state law, the second, fourth and tenth causes of action must be dismissed.

To prevail on a claim under §1983, a plaintiff must show: (1) the deprivation of any rights, privileges, or immunities secured by the Constitution and laws of the United States, (2) by a person acting under the color of state law. 42 U.S.C. §1983. "Section 1983 itself creates no substantive rights; it provides only a procedure for redress for the deprivation of rights established elsewhere." Sykes v. James, 13 F.3d 515, 519 (2d Cir.1993) (citing City of Oklahoma City v. Tuttle, 471 U.S. 808, 816, 105 S.Ct. 2427, 85 L.Ed.2d 791 (1985); Castro v. Cnty. of Nassau, 739 F. Supp. 2d 153, 165 (EDNY 2010).

Preliminarily, Plaintiffs' second cause of action alleges a violation per se of 42 USC §1983. Without even reaching a determination if Plaintiffs plead sufficient facts to indicate that MARYHAVEN or its employees acted under color of state law, there can be no violation of 42 USC §1983 itself. 42 USC §1983 only provides redress for the deprivation of rights established elsewhere. On its own, it does not create a cause of action. Moreover, to the extent the second cause of action alleges civil rights violations, each of the allegations refer to the police officer's conduct. Not a single allegation refers to any conduct by any of MARYHAVEN's employees.

In any event, MARYHAVEN is a not-for-profit corporation and proud constituent of Catholic Health Services of Long Island. MARYHAVEN cares for the developmentally disabled by providing day habilitation and residential services. In connection with providing care to the developmentally disabled, MARYHAVEN does receive funding through Medicaid and has to comply with the Office for Persons With Developmental Disabilities' statutes and regulations, but this does not deem it to be a state actor. Blum v. Yaretsky, 457 U.S. 991, 1010-11, 102 S. Ct. 2777, 73 L. Ed. 2d 534 (1982); Rendell-Baker v. Kohn, 457 U.S. 830, 840-41, 102 S. Ct. 2764, 73 L. Ed. 2d 418 (1982) (discharge by non-profit, privately operated school subject to extensive

general regulations and state subsidies was not state action); see also <u>Jackson v. Metro. Edison Co.</u>, 419 U.S. 345, 351 n.7, 95 S. Ct. 449, 42 L. Ed. 2d 477 (1974).

In that regard, the Court's attention is respectfully referred to the case of <u>Forziano v. Indep. Grp. Home Living Program, Inc.</u>, CV 13-0370, 2014 WL 1277912 (EDNY. Mar. 26, 2014) wherein the Hon. Leonard Wexler recently held that MARYHAVEN itself was not a state actor for §1983 purposes. The Court, in part, relied on the recent decision of <u>Sybalski v. Indep. Group Home Living Program, Inc.</u>, 2007 U.S. Dist. LEXIS 30097 (E.D.N.Y. Apr. 24, 2007) aff'd by 546 F.3d 255, 2008 U.S. App. LEXIS 21507 (2d Cir. 2008) wherein the Second Circuit affirmed the District Court's holding that Independent Group Home Living Program, a facility similar to MARYHAVEN, was not a state actor. The Court noted that the care for the mentally disabled was neither traditionally nor exclusively reserved to the state.

MARYHAVEN respectfully submits that the <u>Forziano</u> and <u>Sybalski</u> cases control and MARYHAVEN cannot be deemed a state actor. See also <u>Romeo v. Aid to the Developmentally Disabled, Inc.</u>, 2013 U.S. Dist. LEXIS 41639 (E.D.N.Y. 2013); <u>Russell v. Aid to Developmentally Disabled, Inc.</u>, 2013 U.S. Dist. LEXIS 23259 (E.D.N.Y. 2013); <u>Logan v. St. Luke's-Roosevelt Hospital Center</u>, 636 F. Supp. 226, 236 (S.D.N.Y. 1986) *aff'd*, 805 F.2d 391 (2d Cir. 1986).

Otherwise, private conduct can qualify as state action only when "the State has so far insinuated itself into a position of interdependence with the private party that it must be recognized as a joint participant in the challenged activity," <u>Burton v. Wilmington Parking Auth.</u>, 365 U.S. 715, 725, 6 L. Ed. 2d 45, 81 S. Ct. 856 (1961), or when "there is a sufficiently close nexus between the State and the challenged action" that the private party's action "may be fairly treated as that of the State itself," <u>Jackson v. Metropolitan Edison Co.</u>, 419 U.S. 345, 351, 42 L.

Ed. 2d 477, 95 S. Ct. 449 (1974); Hadges v. Yonkers Racing Corp., 918 F.2d 1079, 1081 (2d Cir. N.Y. 1990). On the other hand, the Second Circuit has summarized the following nominal private actions to be state actions: "when the state exercises "coercive power," is "entwined in the management or control" of the private actor, or provides the private actor with "significant encouragement, either overt or covert," or when the private actor is "controlled by an agency of the State," has been delegated a "public function" by the state, or is "entwined with governmental policies." Cranley v. Nat'l Life Ins. Co., 318 F.3d 105, 112 (2d Cir. 2003)

A private actor may be considered to be acting under the color of state law for purposes of § 1983 if the private actor was "a willful participant in joint activity with the State or its agents." See Ciambriello v. County of Nassau, 292 F.3d 307, 324 (2d Cir.2002) (quoting Adickes v. S.H. Kress & Co., 398 U.S. 144, 152, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970)). However, the provision of information to or summoning of police officers, even if that information is false or results in the officers taking affirmative action, is not sufficient to constitute joint action with state actors for purposes of §1983. See Ginsberg v. Healey Car & Truck Leasing, Inc., 189 F.3d 268, 272 (2d Cir.1999) ("Healey's provision of background information to a police officer does not by itself make Healey a joint participant in state action under section 1983.... Officer Fitzgerald's active role in attempting to resolve the dispute after Healey requested police assistance in preventing further disturbance also does not, without more, establish that Healey acted under color of law." (citations omitted)); Drayton v. Toys 'R' Us Inc., 645 F.Supp.2d 149, 163 (SDNY 2009) ("Furnishing information to the police does not by itself make someone a joint participant in state action under Section 1983."); (quoting Valez v. City of N.Y., No. 08 Civ. 3875, 2008 WL 5329974, at *3 (S.D.N.Y. Dec. 16, 2008)).

In other words, general allegations of cooperation between private individuals and specific state agents ... do not make out a claim of action taken under color of state law.' " Drayton, 645 F.Supp.2d at 163 (quoting Puglisi v. Underhill Park Taxpayer Assoc., 947 F.Supp. 673, 706 (S.D.N.Y.1996)); Castro v. Cnty. of Nassau, 739 F. Supp. 2d 153, 174 (E.D.N.Y. 2010)

Similarly, if a police officer's actions are due to the officer's own initiative, rather than the directive of a private party, the private party will not be deemed a state actor. See Shapiro v. City of Glen Cove, 236 Fed.Appx. 645, 647 (2d Cir.2007) ("No evidence supports Shapiro's contention that Weiss–Horvath acted jointly with the Glen Cove defendants to deprive her of her constitutional rights, and ample evidence shows that the Glen Cove officials who searched her house exercised independent judgment rather than acting at Weiss–Horvath's direction."); Serbalik v. Gray, 27 F.Supp.2d 127, 131–32 (N.D.N.Y.1998) (" '[A] private party does not act under color of state law when she merely elicits but does not join in an exercise of official state authority.' ") (quoting Auster Oil & Gas, Inc. v. Stream, 764 F.2d 381, 388 (5th Cir.1985)).

In rare cases, a private party may act under color of state law when the private party "conspires with a state official to violate the plaintiff's constitutional rights ...." Fisk v. Letterman, 401 F.Supp.2d 362, 378 (S.D.N.Y.2005), Report and Recommendation adopted in relevant part, 401 F.Supp.2d 362 (S.D.N.Y.2005). To establish a §1983 conspiracy, plaintiff must plead and prove the following facts which are not evident in SIMMONS's complaint: (1) an agreement between the private party and state actors, (2) concerted acts to inflict an unconstitutional injury, and (3) an overt act in furtherance of the goal. See Carmody v. City of N.Y., No. 05–CV–8084 (HB), 2006 WL 1283125, at *5, 2006 U.S. Dist. LEXIS 25308, at *16 (S.D.N.Y. May 11, 2006) (citing Ciambriello v. County of Nassau, 292 F.3d 307, 324–25 (2d Cir.2002)). Castro v. Cnty. of Nassau, 739 F. Supp. 2d 153, 173 (E.D.N.Y. 2010).

While not a state actor, it is further respectfully submitted that MARYHAVEN was not acting under color of state law. In that regard, the State did not exercise coercive power over MARYHAVEN, did not provide significant encouragement and MARYHAVEN was not controlled by the State, was not delegated a public function and was not entwined with government policies.

Furthermore, the Complaint fails to allege sufficient facts to even suggest that MARYHAVEN was a willful participant in joint activity with the police officers. In fact, there are only two allegations of contact with the SUFFOLK COUNTY POLICE DEPARTMENT. First, it was alleged that MARYHAVEN called 911 and provided inaccurate statements. The second and final contact was when MARYHAVEN pointed out DAINELL to the police officers when they arrived. These allegations do not even suggest joint activity. In that regard, the case law is clear that the provision of information to or summoning of police officers, even if that information is false or results in the officers taking affirmative action, is not sufficient to constitute joint action with state actors for purposes of §1983.

Moreover, the Complaint falls short of alleging a conspiracy. The Complaint does not allege that MARYHAVEN and the SUFFOLK COUNTY POLICE DEPARTMENT entered into an agreement to engage in concerted acts to inflict an unconstitutional injury upon DAINELL and that MARYHAVEN performed an overt act in furtherance of the goal. In fact, the Complaint alleges that the police officers, on their own initiative, forcibly arrested DAINELL and used pepper spray and a taser gun. There are no factual allegations to suggest that MARYHAVEN had any involvement with DAINELL after the police officers arrived or in any way was a willful participant in the police officer's actions.

As the Complaint fails to allege sufficient facts to establish that MARYHAVEN was a state actor or acted under color of state law, the second, fourth and tenth causes of action must be dismissed for Plaintiffs' failure to state a claim upon which relief can be granted.

**POINT II**

**PLAINTIFFS FAILED TO STATE A CLAIM PURSUANT TO 42 USC §1981**

Plaintiffs cannot maintain a cause of action pursuant to 42 USC §1981 as there are no allegations to suggest that the parties entered into a contract. 42 USC §1981(a) states in pertinent part: "All persons within the jurisdiction of the United States shall have the same right in every State…to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other."

Among the many statutes that combat racial discrimination, §1981, originally §1 of the Civil Rights Act of 1866, 14 Stat. 27, has a specific function: It protects the equal right of "all persons within the jurisdiction of the United States" to "make and enforce contracts" without respect to race. The statute currently defines "make and enforce contracts" to "include the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship." §1981(b). Domino's Pizza, Inc. v. McDonald, 546 U.S. 470, 474-75 (2006).

To establish a claim under §1981, a plaintiff must allege facts in support of the following elements: (1) the plaintiff is a member of a racial minority; (2) an intent to discriminate on the basis of race by the defendant; and (3) the discrimination concerned one or more of the activities

11

enumerated in the statute" <u>Mian v. Donaldson, Lufkin & Jenrette Sec. Corp.</u>, 7 F.3d 1085, 1087, cert. denied 516 U.S. 824, 116 S.Ct. 88, 133 L.Ed.2d 45.

By no stretch of the imagination did Plaintiffs allege any facts to make out a claim pursuant to 42 USC §1981. The statute contemplates discrimination in the making and enforcing of contracts. Plaintiffs did not allege that the parties entered into or at any time negotiated or requested a contract, and furthermore, did not allege an intent to discriminate on the basis of race in the performance, modification or termination of a contract as one did not exist. Therefore, pursuant to Rule 12(b)(6), Plaintiffs' first cause of action pursuant to 42 USC §1981 fails to state a claim upon which relief can be granted and must be dismissed.

### POINT III

### PLAINTIFFS EIGHTH AND TENTH CAUSES OF ACTION
### PURSUANT TO 42 USC §1986 MUST BE DISMISSED AS PLAINTIFFS
### <u>FAILED TO ALLEGE A CAUSE OF ACTION PURSUANT TO 42 USC §1985</u>

The eighth and tenth causes of action must be dismissed as Plaintiffs failed to allege a 42 USC §1985 conspiracy cause of action, a prerequisite to asserting a claim pursuant to 42 USC §1986 for failure to prevent.

"Section 1986 provides a cause of action against anyone who having knowledge that any of the wrongs conspired to be done and mentioned in section 1985 are about to be committed and having power to prevent or aid, neglects to do so." <u>Thomas v. Roach</u>, 165 F.3d 137, 147 (2d Cir.1999) (citation and quotation marks omitted). However, §1985 liability is a necessary predicate to a §1986 claim. See <u>Brown v. City of Oneonta</u>, 221 F.3d 329, 341 (2d Cir.2000); see also <u>Posr v. Court Officer Shield # 207</u>, 180 F.3d 409, 419 (2d Cir.1999) (affirming dismissal of §1986 claim where district court also dismissed §1985 claim).

Plaintiffs' complaint fails to make any allegations pursuant to 42 USC §1985, thus Plaintiffs cannot attempt to state a claim under §1986. Young v. Suffolk Cnty., 705 F. Supp. 2d 183, 208 (EDNY 2010).

Assuming the Court is willing to entertain Plaintiffs' §1986 claims, the only section under §1985 that could possibly be relevant would be §1985(3). Section 1985(3) prohibits conspiracies by two or more persons that interfere with and injure any person's civil rights. More specifically, the four elements of a §1985(3) claim are:(1) a conspiracy; (2) for the purpose of depriving, either directly or indirectly, any person or class of persons of equal protection of the laws, or of equal privileges and immunities under the laws; (3) an act in furtherance of the conspiracy; (4) whereby a person is either injured in his person or property or deprived of any right of a citizen of the United States. Young v. Suffolk Cnty., 705 F. Supp. 2d 183, 208 (EDNY 2010).

The Complaint falls short of making any allegations to establish one, if any, elements of a §1985 claim. In that regard, to the extent Plaintiffs attempted to make any allegations suggesting a conspiracy, "it is well settled that claims of conspiracy 'containing only conclusory, vague, or general allegations of conspiracy to deprive a person of constitutional rights cannot withstand a motion to dismiss .' " Gallop v. Cheney, 642 F.3d 364, 2011 WL 1565858 (2d Cir. 2011) (quoting Leon v. Murphy, 988 F.2d 303, 311 (2d Cir.1993)). The failure to allege any fact corroborating a meeting of the minds among the alleged conspirators renders a conspiracy claim *baseless*. Id. Brown v. Dep't of Corr. Servs., 09-CV-00949S F, 2011 WL 2182775 (W.D.N.Y. June 2, 2011)(emphasis added). The Complaint is devoid of any facts that would suggest that the Defendants conspired in any way, in fact, the opposite is alleged. The Complaint states that

MARYHAVEN <u>failed</u> to communicate, in any manner, with the police officers once they arrived on scene. This is not suggestive of a conspiracy.

Therefore, Plaintiff's allegations do not satisfy §1986 pleading requirements as Plaintiffs failed to plead a cause of action under 42 USC §1985. The bare allegation that Defendants "conspired" or acted in concert is insufficient. Moreover, Plaintiffs failed to allege any fact corroborating a meeting of the minds among any of the Defendants establishing a conspiracy to deprive Plaintiff of any constitutional rights based on his race, religion or disability.

**POINT IV**

**ONCE THE FEDERAL CAUSES OF ACTION ARE DISMISSED, THE COURT IS DIVESTED OF FEDERAL JURSIDICTION OVER MARYHAVEN AND ANY REMAINING STATE LAW CLAIMS MUST BE DISMISSED PURSUANT TO RULE 12(b)(1)**

By virtue of the dismissal of the causes of action granting this Court original jurisdiction, the Federal Court is divested of jurisdiction over MARYHAVEN and the remaining state law claims must be dismissed. In that regard, the sixth, seventh and ninth causes of action alleging violations of state law must be dismissed notwithstanding the fact that the issues are alleged to be closely intertwined or transactionally related to the allegations asserted against the CO-DEFENDANTS. Specifically, supplemental or pendent jurisdiction can only be relied on when the Court has an <u>independent basis</u> for subject matter or federal jurisdiction over that defendant, otherwise, the state claims must be dismissed.

28 USC §1367(a) states as follows: "…in any civil action of which the district courts have *original jurisdiction*, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution…"

(emphasis added). In other words, the Legislature was clear in that supplemental jurisdiction can only be relied on if the District Court has original or federal subject matter jurisdiction.

In general, the United States Supreme Court has instructed that courts should ordinarily decline to exercise supplemental jurisdiction in the absence of any federal claim. See Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 350 n.7 (1988) (noting where all federal claims are eliminated before trial, the relevant factors informing the decision of whether to exercise supplemental jurisdiction will "point towards declining to exercise jurisdiction over the remaining state-law claims")(emphasis added). See also Seabrook v. Jacobson, 153 F.2d 70, 72 (2d Cir. 1998) (noting that it is particularly appropriate for the district court to dismiss where "the federal claim on which the state claim hangs has been dismissed").

In that regard, where the district court has dismissed before trial the only basis for federal jurisdiction, the court should decline to exercise jurisdiction over the pendent state claims. Somin v. Total Community Management Corp., 494 F.Supp.2d 153 (E.D.N.Y.2007). (The Court declined to exercise supplemental jurisdiction). In other words, it is appropriate for a District Court to dismiss any state law claims where the Complaint's federal-law claims have been dismissed. Ford v. D.C. 37 Union Local 1549, 579 F.3d 187 (2d Cir. 2009). (Court Declining to exercise supplemental jurisdiction).

Accordingly, once Plaintiffs' federal claims are dismissed, as the Court will be divested of original jurisdiction, pursuant to Rule 12(b)(1), the remaining claims arising under state law as asserted in the sixth, seventh and ninth causes of action must be dismissed.

**SEVERAL CAUSES OF ACTION CAN ALSO BE
DISMISSED PURSUANT TO RULE 12(b)(6) AS PLAINTIFFS FAILED TO
STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED**

It is respectfully submitted that the entirety of the Complaint as alleged against MARYHAVEN, must be dismissed. As discussed above, as it relates to the second, fourth and tenth causes of action, as MARYHAVEN is not a state actor and was not acting under color of state law, the claims asserted though 42 USC §1983 must be dismissed. The first cause of action pursuant to 42 USC §1981 must equally be dismissed as the Complaint is silent as to any allegations regarding the making or enforcing of a contract between DAINELL and MARYHAVEN. The eighth and once again the tenth causes of action pursuant to 42 USC §1986 must be dismissed as Plaintiffs failed to allege a cause of action pursuant to 42 USC §1985, a prerequisite to maintaining the §1986 claim. Finally, once the federal claims granting this court original jurisdiction are dismissed, the remaining sixth, seventh and ninth causes of action must be dismissed as the court can no longer exercise supplemental jurisdiction.

Notwithstanding, there remains additional grounds upon which several of the causes of action may equally be dismissed.

### A. *The allegations pursuant to 42 USC §1983 in the second cause of action fail to state a claim against MARYHAVEN.*

Although the second cause of action pursuant to 42 USC §1983 indicates that it is against all individual Defendants, the allegations do not, at any point, refer to MARYHAVEN. In fact, the cause of action alleges arrest, excessive force, denial of medical treatment, false imprisonment and wrongful death by the "individual DEFENDANTS…, in that the individual officers acted in concert to unlawfully violate PLAINTIFF'S rights." Without a doubt, this cause of action was asserted against the individual police officers and not the employees of MARYHAVEN.

**B. The allegations of racial stereotyping in the fourth cause of action fail to state a claim against MARYHAVEN.**

In addition to the fact that MARYHAVEN cannot be held liable for a claim brought under §1983, Plaintiff's fourth cause of action alleging racial stereotyping through 42 USC §1983 also fails to state a claim upon which relief can be granted. The Complaint is devoid of any allegations that MARYHAVEN or its employees unlawfully detained DAINELL or held him against his will without cause. In fact, the Complaint suggests otherwise in that Plaintiffs allege that DAINELL was sitting calmly before the police officers arrived. In other words, one cannot even make an assumption that he was held against his will by MARYHAVEN or its employees.

**C. The allegations of assault and battery in the sixth cause of action fail to state a claim against MARYHAVEN.**

If the Court wishes to exercise supplemental jurisdiction over the state law claims, then there is a separate basis for the dismissal of the sixth cause of action. In that regard, Plaintiffs attempt to lump together all the Defendants but yet, paragraph 85 is clear in that the alleged assault and battery occurred at "the hands of individual DEFENDANT POLICE OFFICERS JOHN DOES 1-10." Plaintiffs describe an assault and battery by a taser gun. The only individuals alleged to have used a taser gun were the Defendant police officers, not MARYHAVEN or its employees.

Moreover, in a civil action the elements which determine the liability for an assault and battery are, (1) bodily contact, (2) that such contact be harmful or offensive in nature, and (3) that defendant intended to make the contact. Masters v. Becker, 22 A.D.2d 118, 254 N.Y.S.2d 633 (2d Dept. 1964); Portnoy v. Bucalo, 82 Misc. 2d 590, 592, 370 N.Y.S.2d 799, 802 (Sup. Ct. 1975). The Complaint is silent as to any allegations that MARYHAVEN or its employees made intentional bodily contact with DAINELL that was harmful or offensive in nature.

Therefore, the sixth cause of action can also be dismissed as against MARYHAVEN as Plaintiffs failed to state a claim for assault and battery upon which relief can be granted.

### D. The allegations of false arrest, false imprisonment and excessive force in the seventh cause of action fail to state a claim against MARYHAVEN.

Similar to the second, fourth and sixth causes of action, the seventh cause of action fails to state a claim for false arrest, false imprisonment and excessive force against MARYHAVEN. A review of the allegations in the seventh cause of action reveals that the claims are against the individual police officers and not MARYHVAEN or its employees. Once again, MARYHAVEN is not even mentioned in the cause of action and none of the factual allegations suggest that MARYHAVEN subjected DAINELL to a false arrest, false imprisonment or to the use of excessive force by way of a taser gun.

### E. The allegations in the ninth cause of action fail to state a claim against MARYHAVEN.

The ninth cause of action alleges a failure to put in place a "behavior plan," "individualized education plan" or "self-control plan." In that regard, Plaintiffs allege that MARYHAVEN's failure to have any of these plans and to utilize techniques outlined in these plans resulted in DAINELL's wrongful death. As a matter of law, hover, MARYHAVEN does not have a duty to implement any such plans under applicable laws and regulations.

MARYHAVEN is an Individualized Residential Alternative ("IRA") regulated by the Office for Person with Disabilities and subject to the regulations as outlined in 14 NYCRR Part 635. The regulations do not require that IRAs create a "behavior plan," "individualized education plan" or "self-control plan" as these are plans regulated by the Department of Education for individuals with special needs that attend school. DAINELL did not attend school at MARYHAVEN, otherwise, the term "self-control plan" does not exist. Therefore, the cause of

action, on its face, fails as MARYHAVEN cannot be held to have breached a standard of care that is applicable to schools regulated by the Department of Education. MARYHAVEN's IRA is not regulated by the Department of Education.

## CONCLUSION

Fundamentally, Plaintiffs' Second Amended Complaint must be dismissed as Plaintiffs, outright, have failed to state a claim upon which relief can be granted against MARYHAVEN. In fact, there are several grounds on which a dismissal of the eight causes of action asserted against MARYHAVEN can be granted.

Moreover, it is respectfully submitted that should Plaintiffs attempt to seek leave to serve a Third Amended Complaint, that the request must be denied. An Amended Complaint was served as of right and the parties consented to the service of the Second Amended Complaint. Plaintiffs have already had two bites of the apple and notwithstanding, still cannot state a claim against MARYHAVEN as one does not exist.

MARYHAVEN respectfully submits that even after accepting the material facts in the complaint as true, Plaintiffs have failed to state a single cause of action upon which relief can be granted. Therefore, MARYHAVEN submits that the Second Amended Complaint must be dismissed, with prejudice, and Plaintiffs demands for damages and attorney's fees must be denied, in their entirety.

Dated:   Mineola, New York
       September __, 2014

Yours, etc.,
BARTLETT, McDONOUGH
& MONAGHAN, LLP

By: _____
      Anna I. Hock (AIH9249)
Attorneys for Defendant
MARYHAVEN CENTER OF HOPE, INC.
170 Old Country Road
Mineola, New York 11501
Tel: (516) 877-2900
**BM&M File No.: 353-0002**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK                    Index No.: 14cv3884 (JFB) (ARL)
-------------------------------------------------------------------------------------------------
GLYNICE SIMMONS, Individually and as Administratrix of the Estate of DAINELL ERIK
SIMMONS,

                                                              Plaintiff,

              -against-

THE COUNTY OF SUFFOLK AND SUFFOLK COUNTY POLICE DEPARTMENT,
POLICE OFFICERS "JOHN DOE" 1-10 individually and officially as members of the
Suffolk County Police Department, MARYHAVEN CENTER OF HOPE FOR
MENTALLY CHALLEGED INDICDUALS, and EMPLOYEES "JOHN DOE" 1-10,

                                                              Defendants.
_____


# MEMORANDUM OF LAW


_____


### BARTLETT, McDONOUGH, BASTONE & MONAGHAN
**Attorneys for Defendant
MARYHAVEN CENTER OF HOPE FOR
MENTALLY CHALLENGED INDIVIDUALS
Office & P.O. Address
170 Old Country Road, Suite 301
Mineola, New York 11501
Tel: (516) 877-2900**