UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

GLYNICE SIMMONS, individually and as Administratrix of the Estate of DAINELL ERIK SIMMONS,

                            Plaintiff,

-against-

THE COUNTY OF SUFFOLK AND SUFFOLK COUNTY POLICE DEPARTMENT, POLICE OFFICERS "JOHN DOE" 1-10 individually and officially as members of the Suffolk County Police Department, and MARYHAVEN CENTER OF HOPE FOR MENTALLY CHALLENGED INDIVIDUALS,

                            Defendants.

**ANSWER TO AMENDED COMPLAINT**

**14CV3884 (JFB)(ARL)**

**JURY TRIAL DEMANDED**

Defendants, County of Suffolk and Suffolk County Police Department by their attorney, Dennis M. Brown, Suffolk County Attorney, by Arlene S. Zwilling, Assistant County Attorney, answering plaintiff's amended complaint respectfully:

1. Aver that the allegations contained in the paragraphs numbered 1, 4, 5, 6, 7, 8 and 9 of the amended complaint characterize the legal action being brought and purport to invoke the jurisdiction of the Court pursuant to the enumerated statutes and, as such, make no answer save to demand strict proof thereof and to deny any conduct giving rise to any cause of action thereunder.

2. Deny, upon information and belief, the allegations contained in the paragraph numbered 2 of the amended complaint.

3. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in the paragraphs numbered 10, 11, 12, 15, 16 and 17 of the amended complaint.

4. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in the paragraph numbered 14 of the amended complaint, except admit receipt of a purported notice of claim, and refers all questions of law to the Court.

## AS TO THE FIRST CAUSE OF ACTION

5. Deny, upon information and belief, the allegations contained in the paragraphs numbered 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 30, 31, 32, 33, 34, 35, 36, 37, 38, 39, 40, 41, 42, 43, 44, 45, 46, 47, 48 and 49 of the amended complaint.

## AS TO THE SECOND CAUSE OF ACTION

6. Answering the paragraph numbered 50 of the amended complaint, repeat, reiterate and reallege each and every response to the recited paragraphs, with the same force and effect as if the same were set forth at length herein.

7. Deny, upon information and belief, the allegations contained in the paragraphs numbered 51 and 52 of the amended complaint.

## AS TO THE THIRD CAUSE OF ACTION

8. Answering the paragraph numbered 58 of the amended complaint, repeat, reiterate and reallege each and every response to the recited paragraphs, with the same force and effect as if the same were set forth at length herein.

9. Deny, upon information and belief, the allegations contained in the paragraphs numbered 54, 55, 56, 57 and 59 of the amended complaint.

## AS TO THE FOURTH CAUSE OF ACTION

10. Answering the paragraph numbered 60 of the amended complaint, repeat, reiterate and reallege each and every response to the recited paragraphs, with the same force and effect as if the same were set forth at length herein.

11. Deny, upon information and belief, the allegations contained in the paragraphs numbered 61, 62, 63 and 64 of the amended complaint.

## AS TO THE FIFTH CAUSE OF ACTION

12. Answering the paragraph numbered 65 of the amended complaint, repeat, reiterate and reallege each and every response to the recited paragraphs, with the same force and effect as if the same were set forth at length herein.

13. Deny, upon information and belief, the allegations contained in the paragraphs numbered 66, 67, 68, 69, 70, 71, 72 and 73 of the amended complaint.

## AS TO THE SIXTH CAUSE OF ACTION

14. Answering the paragraph numbered 74 of the amended complaint, repeat, reiterate and reallege each and every response to the recited paragraphs, with the same force and effect as if the same were set forth at length herein.

15. Deny, upon information and belief, the allegations contained in the paragraphs numbered 78 and 79 of the amended complaint.

## AS TO THE SEVENTH CAUSE OF ACTION

16. Answering the paragraph numbered 80 of the amended complaint, repeat, reiterate and reallege each and every response to the recited paragraphs, with the same force and effect as if the same were set forth at length herein.

17. Deny, upon information and belief, the allegations contained in the paragraphs numbered 81, 82, 83 and 84 of the amended complaint.

## AS TO THE EIGHTH CAUSE OF ACTION

18. Answering the paragraph numbered 85 of the amended complaint, repeat, reiterate and reallege each and every response to the recited paragraphs, with the same force and effect as if the same were set forth at length herein.

19. Deny, upon information and belief, the allegations contained in the paragraphs numbered 86, 87, 88, and 89 of the amended complaint.

## AS TO THE NINTH CAUSE OF ACTION

20. Answering the paragraph numbered 90 of the amended complaint, repeat, reiterate and reallege each and every response to the recited paragraphs, with the same force and effect as if the same were set forth at length herein.

21. Deny, upon information and belief, the allegations contained in the paragraphs numbered 91, 92, 93, 94, 95 and 96 of the amended complaint.

## AS TO THE TENTH CAUSE OF ACTION

22. Answering the paragraph numbered 97 of the amended complaint, repeat, reiterate and reallege each and every response to the recited paragraphs, with the same force and effect as if the same were set forth at length herein.

23 Deny, upon information and belief, the allegations contained in the paragraphs numbered 98, 99, 100, 101, 102, 103, 104 and 105 of the amended complaint.

## AS TO THE ELEVENTH CAUSE OF ACTION

24. Answering the paragraph numbered 106 of the amended complaint, repeat, reiterate and reallege each and every response to the recited paragraphs, with the same force and effect as if the same were set forth at length herein.

25. Deny, upon information and belief, the allegations contained in the paragraphs numbered 107, 108 and 109 of the amended complaint.

## AS TO THE TWELFTH CAUSE OF ACTION

26. Answering the paragraph numbered 110 of the amended complaint, repeat, reiterate and reallege each and every response to the recited paragraphs, with the same force and effect as if the same were set forth at length herein.

27. Deny knowledge or information sufficient to form a belief as to the allegations contained in the paragraphs numbered 111, 112, 113, 114, 115, 116, 117, 118, 119 and 120 of the complaint.

## AS TO THE THIRTEENTH CAUSE OF ACTION

28. Answering the paragraph numbered 121 of the amended complaint, repeat, reiterate and reallege each and every response to the recited paragraphs, with the same force and effect as if the same were set forth at length herein.

27. Deny knowledge or information sufficient to form a belief as to the allegations contained in the paragraphs numbered 122, 123, 124, 125, 126, 127, 128 and 129 of the complaint.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

26. That the amended complaint fails to state a claim upon which relief can be granted.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

27. That the damages sustained by plaintiff, if any, were caused by the plaintiff's own culpable and/or negligent conduct.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

28. That the amended complaint fails to set forth facts sufficient to constitute a deprivation of any constitutional right or other basis for a civil rights claim.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

29. That no policy, statement, ordinance, regulation or decision officially adopted and/or promulgated by defendants or otherwise ratified by defendants authorized a deprivation of plaintiff's constitutional rights.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

30. That no custom or usage adopted, followed, endorsed or ratified by defendants authorized a deprivation of plaintiff's constitutional rights.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

31. That the doctrines of respondeat superior and vicarious liability do not apply to a civil rights claim.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

32. That municipal defendants are not liable for punitive damage awards.

## AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

33. That this Court should not proceed in the absence of parties who are indispensable to the determination of this action, which parties plaintiff has failed to join.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE

34. That defendants' actions, if any, were justified by the facts and circumstances presented.

## AS AND FOR A TENTH AFFIRMATIVE DEFENSE

35. That the arrest and/or detention, if any, were reasonable and based upon probable cause to believe that the plaintiff had committed a crime and/or offense.

## AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

36. That the substance of any communications, if any, made by the defendants and/or their agents are and were true.

## AS AND FOR A TWELVTH AFFIRMATIVE DEFENSE

37. That the defendants, at all times complained of, acted reasonably and in good faith in the discharge of their official duties and responsibilities.

38. That defendants acted in what they did solely pursuant to their duties and responsibilities as law enforcement and/or prosecuting officials.

39. That defendants at all times acted in good faith in that they reasonably believed that they were exercising and acting within their statutory and constitutional powers.

40. That in performing such duties and responsibilities, defendants are and were protected by absolute and/or qualified Federal and/or State immunity.

## AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

41. That defendants took plaintiff into custody pursuant to a civilian arrest after identification, in accordance with statutory mandate.

## AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE

42. That the substance of any communications, if any, made by defendants and/or their agents are and were absolutely privileged.

## AS AND FOR A FIFTEENTH AFFIRMATIVE DEFENSE

43. That this action is barred by the doctrines of qualified and/or absolute governmental immunity for discretionary acts.

## AS AND FOR A SIXTEENTH AFFIRMATIVE DEFENSE

44. That the Suffolk County Police Department is not an entity susceptible to suit.

WHEREFORE, defendants demand judgment against the plaintiff dismissing the amended complaint, together with the costs, disbursements and reasonable attorneys' fees of this action, and for such other and further relief as this Court deems just and proper.

DATED: Hauppauge, New York
October 2, 2014

Yours etc.,
Dennis M. Brown
Suffolk County Attorney
Attorney for Defendants
County of Suffolk and
Suffolk County Police Department
H. Lee Dennison Building
100 Veterans Memorial Highway
Hauppauge, New York 11788

By: _____
Arlene S. Zwilling
Assistant County Attorney

TO:

Linda M. Cronin, Esq.
Cronin & Byczek, LLP
Attorney for Plaintiff
1983 Marcus Avenue
Suite C-120
Lake Success, New York 11042
(516) 358-1700