UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

GLYNICE SIMMONS, individually and as Administratrix of the Estate of DANIELL ERIK SIMMONS,

Plaintiff,

-against-

THE COUNTY OF SUFFOLK AND SUFFOLK COUNTY POLICE DEPARTMENT, and POLICE OFFICERS "JOHN DOE" 1-10 individually and officially as members of the Suffolk County Police Department,

Defendants.

14-cv-3884 (AMD) (ARL)

**PROTECTIVE ORDER**

---

WHEREAS, preparation for trial in the above-captioned action may require the parties to produce certain documents and information that they may deem to be confidential or otherwise inappropriate for public disclosure; and

WHEREAS, the parties object to the production of these documents unless appropriate protection for their confidentiality is assured; and

WHEREAS, good cause therefore exists for the entry of an Order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure;

NOW, THEREFORE, IT IS HEREBY ORDERED, as follows:

1. As used herein, "Action" shall mean *Simmons v. County of Suffolk et al.*, 14 Civ. 3884 (E.D.N.Y.) (AMD) (ARL).

2. "Confidential Materials" shall mean: (a) Suffolk County Police Department personnel or disciplinary records; (b) medical or psychological records; and (c) other documents and information that may, in good faith, during the pendency of this litigation, be designated "Confidential Material" by the parties or the Court, except that such documents and information shall not be designated "Confidential Materials" to the extent that they are lawfully obtained by the parties pursuant to subpoena or pursuant to the New York Freedom of Information Law, or are otherwise publicly available.

1

3. As used herein "Producing Party" shall mean the party and/or the party's attorney requesting that a particular document or the information contained therein be deemed confidential, and "Receiving Party" shall mean any party who is not the Producing Party, as defined herein, for that particular document or information at issue.

4. A Receiving Party and/or that party's attorneys shall not use Confidential Materials produced in discovery in the Action for any purpose other than the evaluation, preparation or preparation of that party's case in the Action, except nothing herein shall limit a party's use of its own Confidential Materials.

5. Attorneys for a Receiving Party shall not disclose the Confidential Materials to any person other than a party, an attorney of record for that party, or any member of the staff of that attorney's office, except under the following conditions:

   a. Disclosures may be made for the purpose of preparing or presenting a party's claims or defenses in the Action.

   b. Disclosure before trial may also be made to an expert or consultant who has been retained or specially employed by a party's attorneys in anticipation of litigation or preparation for trial of the Action, to a witness at a deposition or in preparation for testimony at a deposition or trial, or to the Court.

   c. Before any disclosure is made to a person listed in subparagraph (b) above (other than to the Court or to a witness at a deposition), the Receiving Party's attorney shall provide each such person with a copy of this Protective Order, and such person shall consent in writing not to use the Confidential Materials for any purpose other than in connection with the prosecution, defense, or settlement of the Action and not to make further disclosure of the Confidential Materials, except in testimony taken in the Action. The attorneys for a Receiving Party making such disclosure shall retain the signed consent and furnish a copy to the producing Party's attorney upon request at a deposition or immediately before trial, although the name of an expert that the Receiving Party does not intend to all as a trial witness may be redacted from such a consent before it is produced.

   d. Disclosures of medical records deemed "Confidential" under this Protective Order may also be made to any individual who provided the treatment described in the records or to a member of the staff of the hospital, doctors' office, or medical provider where the treatment was rendered.

10. This Protective Order will survive the termination of the litigation and will continue to be binding upon all persons to whom Confidential Materials are produced or disclosed. All documents or information that have been deemed confidential pursuant to this Protective Order, including all copies and non-conforming copies thereof, shall remain confidential for all time. Once this case has been resolved, including all appeals, the Confidential Material, including all copies and non-conforming copies thereof, shall not be used by the Receiving Party for any purpose.

11. Nothing herein shall be deemed to permit the provision of Confidential Materials to any member of the press, media, print, broadcast, cable, satellite or internet; or to any person or entity purporting to be working in the public interest. It is understood that any such provision or disclosure is a violation of this Order, the First Amendment rights of the recipients notwithstanding.

12. In the event that Confidential Material is read into the record at a deposition or quoted in a document generated in this litigation, the portion of said deposition or document containing the language from the Confidential Material shall also be confidential; and the underlying Confidential Material shall remain confidential notwithstanding that a portion of it was read into the record at a deposition or quoted in a document generated in this litigation.

13. The trial judge shall make all determinations as to the use of Confidential Materials at the trial of this action.

14. The Court may modify this Protective Order at any time in the interests of justice and the public interest.

15. The Court will retain jurisdiction over all persons subject to this Protective Order to the extent necessary to enforce any obligation arising hereunder or to impose sanctions for any contempt thereof.

6.  The Producing Party or its counsel may designate deposition exhibits or portions of deposition transcripts as Confidential either by: (a) indicating on the record during the deposition that a question relates to Confidential Materials, in which event the reporter will bind the transcript of the designated testimony in a separate volume and mark it as "Confidential Information Governed by Protective Order;" or (b) notifying the reporter and all counsel of record in writing, within 30 days after a deposition has concluded, of the specific pages and lines of the transcript that are to be designated "Confidential," in which event all counsel receiving the transcript will be responsible for marking the copies of the designated transcript in their possession or under their control as directed by the Producing Party or that party's counsel.

7.  If a Receiving Party objects to the designation of any Confidential Materials as confidential, he or she shall state such objection in writing to counsel for the Producing Party, and counsel shall in good faith attempt to resolve such conflict. If the conflict cannot be resolved among counsel, the objecting party shall, within 45 days of the initial objection, request the Court to remove the designation. Any such materials or information shall be treated as Confidential until the parties resolve the Conflict or the Court issues its ruling regarding the conflict.

8.  Any party seeking to file papers with the Court that incorporate Confidential Material or reveal the contents thereof shall first make an application to the Court for permission to file under seal the specific portions of those papers disclosing Confidential Material and shall indicate whether any other party objects to the request. No materials shall be filed under seal unless the Court has issued an Order approving the filing, in which event the filing shall follow the District Court rules applicable to filing under seal.

9.  Plaintiff's counsel shall keep confidential the personal information regarding individual defendants, complaining victims, witnesses, and/or any employee of Suffolk County identified in the production of documents or otherwise identified in the course of the litigation of the Action. This information, to the extent it is produced, is for attorneys' eyes only and shall not be disclosed to plaintiff or any other individuals other than an investigator employed by plaintiff's counsel for the purpose of prosecuting the Action. Any such person shall be provided with a copy of this Protective Order and shall consent in writing not to use this information for any purpose other than in connection with the prosecution of the Action. Such information shall not be included with documents publicly filed with the Court.

Dated: Hauppauge, New York
April 11, 2016

Cuti Hecker Wang, LLP
Attorneys for Plaintiff
305 Broadway – Suite 607
New York, NY 10007
(212) 620-2600

*/s/ Eric Hecker/*
By: Eric J. Hecker, Esq.


Brett H. Klein, Esq., PLLC
305 Broadway, Suite 600
New York, New York 10007

Dennis M. Brown
Suffolk County Attorney
Attorney for County Defendants
H. Lee Dennison Building
100 Veterans Memorial Highway
P.O. Box 6100
Hauppauge, NY 11788-0099
631-853-4049

*/s/*
By: Arlene S. Zwilling
Assistant County Attorney


SO ORDERED:

Dated: Central Islip, New York
April_____, 2016


_____
Hon. Arlene R. Lindsay, USMJ