UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
GLYNICE SIMMONS, individually and as Administratrix
of the ESTATE OF DAINELL ERIK SIMMONS,

                                        Plaintiffs,

                     -against-

COUNTY OF SUFFOLK; GEORGE OLIVA;
KAREN GRENIA; SUSAN CATALDO; SAL
YOVINO; JAMES POLTORAK; KEVIN
WUESTENHOFF; JEFFREY PITKEWICS;
STEVEN TURNER; RICHARD CIACCIO,
JAMES SAMARTINO; DENISE FIERRO;
FRANK LEOTTA, and POLICE OFFICERS
"JOHN DOE" 1-10,

                                        Defendants.
-------------------------------------------------------------------X

|  |
|--|
| **THIRD AMENDED COMPLAINT** |
| Jury Trial Demand |
| Docket No.: 14 CV 3884 (AMD) (ARL) |

      Plaintiff GLYNICE SIMMONS, AS ADMINISTRATRIX OF THE ESTATE OF

DAINELL ERIK SIMMONS ("Plaintiff"), by and through her attorneys, the law offices of Brett

H. Klein, Esq., PLLC and Cuti Hecker Wang LLP, as and for her Third Amended Complaint

against Defendants, respectfully sets forth the following:

## NATURE OF ACTION

    1.      Plaintiff brings this action against Defendant COUNTY OF SUFFOLK, as well as

against SUFFOLK COUNTY POLICE OFFICERS GEORGE OLIVA, KAREN GRENIA,

SUSAN CATALDO, SAL YOVINO, JAMES POLTORAK, KEVIN WUESTENHOFF,

JEFFREY PITKEWICS, STEVEN TURNER, RICHARD CIACCIO, JAMES SAMARTINO,

DENISE FIERRO, and FRANK LEOTTA, for, *inter alia*, excessive force, wrongful death,

assault, battery, disability discrimination, negligence, negligent training, hiring, retention and

supervision, personal injury, and other violations of Plaintiff's civil rights pursuant to the Federal and New York State Constitutions and New York common law.

2.      It is further alleged that the COUNTY OF SUFFOLK failed to adopt adequate policies and procedures (i) to safeguard persons with special needs including autism with whom police officers would likely come in contact and (ii) to safeguard against causing positional asphyxia when suspects are restrained in the prone position.  As a result of the failure to adopt adequate policies as aforesaid, said Defendant failed to adequately train or supervise its officers in properly responding to incidents involving persons with special needs including autism and in restraining suspects in a manner that is not likely to cause death by positional asphyxia.  The failure to adopt such policies and/or the inadequacy of the policies that were adopted was likely to result in constitutional deprivations.  Moreover, the failure to adopt adequate policies, and to train or supervise its police officers adequately, evidenced the COUNTY OF SUFFOLK's deliberate indifference to the constitutional rights of DAINELL ERIK SIMMONS ("Dainell"), and resulted in the deprivation of his rights and his wrongful death.

3.      As a remedy for the constitutional violations alleged herein, Plaintiff seeks damages for, *inter alia*, severe emotional and psychological distress, fear of impending death, pre-death terror, pain and suffering, loss of enjoyment of life, and all other lawful wrongful death damages, all due to the actions and/or negligence of agents or employees of the COUNTY OF SUFFOLK.

4.      Plaintiff seeks both compensatory and punitive damages, an award of costs, interest and attorney's fees, injunctive and equitable relief and such other relief as this Court may deem just and equitable.

## JURISDICTION

5.      This action is brought pursuant to 42 U.S.C. §§ 1981, 1983 and 1988, and the

Fourth and Fourteenth Amendments to the United States Constitution.  Plaintiff asserts

supplemental state law claims pursuant to state common law and the New York State

Constitution.

6.      Jurisdiction is found upon 28 U.S.C. §§1331, 1343 and 1367.

## VENUE

7.      Venue is properly laid in the Eastern District of New York under 28 U.S.C. §

1391(b), in that this is the District in which the claim arose.

## PARTIES

8.      Dainell was an African American male, who was a resident at MARYHAVEN

CENTER OF HOPE ("Maryhaven").  At the time he was subjected to the excessive force leading

to his death that is complained of in this case, he was 29 years of age.

9.      Defendant COUNTY OF SUFFOLK was, and still is, a corporation duly

organized and existing under, and by virtue of, the laws of the State of New York, having its

place of business within the Eastern District of New York, and included as its functions, the

operation, management and finance of the Suffolk County Police Department.

10.     The individually named Defendants, SUFFOLK COUNTY POLICE OFFICERS

GEORGE OLIVA, KAREN GRENIA, SUSAN CATALDO, SAL YOVINO, JAMES

POLTORAK, KEVIN WUESTENHOFF, JEFFREY PITKEWICS, STEVEN TURNER,

RICHARD CIACCIO, JAMES SAMARTINO, DENISE FIERRO, and FRANK LEOTTA, were

duly sworn police officers of said department and were acting under the supervision of said

department and according to their official duties.  The above named defendants are collectively referred to as the "Individual Defendants."

11.     Defendant POLICE OFFICERS "JOHN DOE" 1-10 were, and upon information and belief, still are, employed by Defendant COUNTY OF SUFFOLK in the Suffolk County Police Department as Police Officers.  They are being sued in their individual capacities.

12.     That at all times hereinafter mentioned the Defendants, either personally or through their employees, were acting under color of state law and/or in purported compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State of New York and/or the COUNTY OF SUFFOLK.

13.     Each and all of the acts of the defendants alleged herein were done by said defendants while acting within the scope of their employment by Defendant COUNTY OF SUFFOLK.

## **NOTICE OF CLAIM**

14.     A Notice of Claim on behalf of Plaintiff and GLYNICE SIMMONS, individually, was timely served upon DEFENDANT COUNTY OF SUFFOLK on October 18, 2013 pursuant to the General Municipal Law.  Defendant COUNTY OF SUFFOLK completed its General Municipal Law 50-h hearing of Plaintiff on February 4, 2014.  More than 30 days have lapsed without the matter being resolved by Defendant COUNTY OF SUFFOLK.  The Notice of claim provided detailed information regarding the actions that the officers took during the incident with Dainell at Maryhaven, the injuries and death that Dainell sustained, and was sufficient to put the officers and the COUNTY OF SUFFOLK on notice of the conduct that they were alleged to have engaged in.

## FACTUAL BACKGROUND

15.     At all times relevant herein, Dainell was a black-skinned African American male, born on April 28, 1984.

16.     On or about July 24, 2013 the Dainell, was lawfully and properly present at the premises of MARYHAVEN.

17.     On July 24, 2013, one or more members of the staff at Maryhaven made a 911 call complaining about Dainell's allegedly violent behavior.

18.     Defendants OLIVA, GRENIA, and CATALDO responded to Maryhaven in response to this 911 call.

19.     Defendants were aware that Dainell was autistic and non-verbal.

20.     Defendants OLIVA, GRENIA, and/or CATALDO attempted to subdue and restrain Dainell by using a Taser conducted energy device.  Upon information and belief, Defendants OLIVA, GRENIA, CATALDO and/or one or more of the Individual Defendants deployed their Tasers at Dainell numerous times.  Upon information and belief, such force was not reasonably justified under the circumstances.

21.     Defendants OLIVA, GRENIA, and/or CATALDO attempted to subdue and restrain Dainell by using pepper spray on him, even after he was front-handcuffed.  Upon information and belief, such force was not reasonably justified under the circumstances.

22.     Defendants OLIVA, GRENIA, and CATALDO tackled Dainell, at which time they re-handcuffed him such that he was rear-handcuffed.

23.     Notwithstanding that Dainell was rear-handcuffed, Defendants OLIVA, GRENIA, and CATALDO sat on him and/or otherwise applied significant force to his torso while he was in

a prone position, notwithstanding the known and/or foreseeable risk that doing so would cause asphyxiation.

24.     Defendants SAL YOVINO, JAMES POLTORAK, KEVIN WUESTENHOFF, JEFFREY PITKEWICS, STEVEN TURNER, RICHARD CIACCIO, JAMES SAMARTINO, DENISE FIERRO, and FRANK LEOTTA arrived at the scene and assisted Defendants OLIVA, GRENIA, and CATALDO in restraining Dainell.

25.     Defendants YOVINO, POLTORAK, WUESTENHOFF, PITKEWICS, TURNER, CIACCIO, SAMARTINO, FIERRO, and LEOTTA assisted Defendants OLIVA, GRENIA, and CATALDO by putting Dainell's legs in leg restraints.

26.     Even after all four of Dainell's limbs were in restraints, the Individual Defendants continued to apply excessive body weight on top of him and/or otherwise applied significant force to his torso while he was in a prone position, notwithstanding the known and/or foreseeable risk that doing so would cause asphyxiation.

27.     The Individual Defendants continued to apply unnecessary weight on Dainell and/or otherwise applied significant force to his torso while he was in a prone position for several minutes, causing his death by asphyxiation.

**AS AND FOR A FIRST CAUSE OF ACTION PURSUANT TO 42 U.S.C. § 1983 AGAINST ALL OF THE INDIVIDUAL DEFENDANTS**

28.     Plaintiff repeats, reiterates and realleges each and every allegation contained in the foregoing paragraphs with the same force and effect as if fully set forth herein.

29.     Each and all of the acts of the Individual Defendants alleged herein were done by the Individual Defendants under the color and pretense of the statutes, ordinances, regulations, customs and usages of the State of New York, the COUNTY OF SUFFOLK and under the authority of their office as police officers of said State and County.

30.      That at all times herein after mentioned, the Individual Defendants were employed in their respective capacities by the Defendant COUNTY OF SUFFOLK and were acting under the color of their official capacity as State actors, and their acts were performed under the color of the policies, statutes, ordinances, rules and regulations of defendant COUNTY OF SUFFOLK.

31.      The Individual Defendants used unreasonable and excessive force on Dainell, including unnecessarily deploying Taser devices at him, unnecessarily pepper spraying him, and ultimately causing his death by applying weight to his torso while he was rear-handcuffed, leg-cuffed, and in a prone position.

32.      The Individual Defendants acted recklessly and with deliberate indifference to whether their actions would physically harm Dainell and cause his death.

33.      The Individual Defendants embarked on a course of conduct that deprived Dainell of his rights under the United States Constitution, and otherwise under federal and state law.

34.      The actions of the Individual Defendants, acting under color of state and local law, custom and usage, deprived Dainell of his rights, privileges and immunities under the laws and Constitution of the United States, and in particular, of his rights to due process, equal protection, and to be free from unreasonable searches or seizures under the First, Fourth, Fifth and Fourteenth Amendments.

35.      Dainell was unlawfully subjected to excessive force and unreasonably and otherwise unjustifiably killed by the defendants.

36.      The Individual Defendants, collectively and individually, while acting under color of state law, engaged in conduct that was deliberately indifferent to Dainell's serious medical

needs and safety by disregarding an excessive risk to his health or safety, which is forbidden by the Constitution of the United States.

37.     The Individual Defendants had an affirmative duty to intervene on behalf of Dainell, whose constitutional rights were being violated in their presence by other officers.

38.     The Individual Defendants failed to intervene to prevent the unlawful conduct described herein.

39.     As a result of the foregoing, Dainell was subjected to excessive force and deliberate indifference to his serious medical needs and safety.

40.     The Individual Defendants with supervisory authority caused Dainell's constitutional injury by being deliberately or consciously indifferent to the rights of others in failing to properly supervise and train his or her subordinate employees.

41.     As a result of the aforementioned misconduct and abuse of authority detailed above, plaintiff sustained the damages hereinbefore alleged.

42.     The Individual Defendants conspired together to violate Dainell's rights, in that the individual officers acted in concert to unlawfully violate the Dainell's rights.

43.     The conduct and actions of the Individual Defendants, acting under color of law, were done intentionally, maliciously and/or with reckless disregard of the natural and probable consequences of their acts, was done without lawful justification and was designed to and did cause specific pain and suffering, mental anguish, extreme emotional distress, humiliation and physical injury, pain and suffering and wrongful death and embarrassment in violation of Dainell's constitutional rights as guaranteed under the Fourth and Fourteenth Amendment in violation of 42 U.S.C. §1983.

44.     As a result of the aforesaid wrongful, reckless and intentional acts of the Individual Defendants, the plaintiff has been damaged in the sum of TWENTY MILLION ($20,000,000.00) DOLLARS and attorneys' fees and costs in an amount to be ascertained at the conclusion of this litigation and punitive and exemplary damages in the amount of TEN MILLION ($10,000, 000.00), DOLLARS as against the individual DEFENDANTS.

**AS AND FOR A SECOND CAUSE OF ACTION AGAINST ALL DEFENDANTS FOR VIOLATION OF THE AMERICANS WITH DISABILITIES ACT AND SECTION 504 OF THE REHABILITATION ACT OF 1973**

45.     Plaintiff repeats, reiterates and realleges each and every allegation contained in the foregoing paragraphs with the same force and effect as if fully set forth herein.

46.     Title II of the Americans with Disabilities Act ("ADA") (42 U.S.C. § 12132) provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity."

47.     The ADA requires only that a particular service provided to some not be denied to disabled people.

48.     Section 504 of the Rehabilitation Act of 1973 (29 U.S.C. § 794(a)) similarly provides that "[n]o otherwise qualified individual with a disability in the United States ... shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance."

49.     Dainell was autistic and non-verbal and, as such, was a qualified individual with a disability.

50.     Defendants were aware that Dainell was autistic and non-verbal.

51.      Defendants treated Dainell differently than they would have treated a similarly-situated non-disabled person.

52.      Defendants excluded Dainell from participation in and/or denied him the benefits of services, programs, and/or activities by reason of his disability.

53.      Defendants are public entities and/or officers.

54.      Defendant COUNTY OF SUFFOLK receives federal financial assistance.

55.      Defendants' discriminatory treatment of Dainell based on his disability was the proximate cause of his severe injuries and death.

56.      As a result of the aforesaid wrongful, reckless and intentional acts of the Defendants, Dainell's estate was damaged in the amount of TWENTY MILLION ($20,000,000.00) DOLLARS and attorneys' and fees and costs in an amount to be ascertained at the conclusion of this litigation.

57.      Defendants' extreme and outrageous conduct was the direct and proximate cause of severe and emotional distress to Dainell.

58.      As a result of the aforesaid wrongful, reckless and intentional acts of the defendants, Dainell's estate seeks punitive and exemplary damages in the amount of TEN MILLION ($10,000,000.00) DOLLARS.

### AS AND FOR A THIRD CAUSE OF ACTION PURSUANT TO 42 U.S.C. § 1983 AGAINST THE COUNTY OF SUFFOLK (Municipal Liability under 42 U.S.C. § 1983)

59.      Plaintiff repeats, reiterates and realleges each and every allegation contained in the foregoing paragraphs with the same force and effect as if fully set forth herein.

60.     Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

61.     The aforementioned customs, policies, usages, practices, procedures and rules of defendant COUNTY OF SUFFOLK, via the Suffolk County Police Department, included, but were not limited to, the use of deadly force against individuals when such force is not reasonable, the unreasonable use of Taser conducted energy devices and pepper spray, maintaining individuals in custody in a face down position and/or failing to adequately train and supervise in this regard, inadequate training with regard to use of force, and deliberate disregard for and/or lack of adequate training with regard to dealing with individuals in a state of distress and/or who are deemed to be emotionally disturbed persons, including the lack of an effective crisis intervention policy and/or training.

62.     In addition, Defendant COUNTY OF SUFFOLK engaged in a policy, custom or practice of inadequate screening, hiring, retaining, training, and supervising its employees that was the moving force behind the violation of the Plaintiff's rights as described herein.  As a result of the failure of Defendant COUNTY OF SUFFOLK to properly recruit, screen, train, discipline, and supervise its officers, including the Individual Defendants, Defendant COUNTY OF SUFFOLK has tacitly authorized, ratified, and has been deliberately indifferent to, the acts and conduct complained of herein.

63.     The foregoing customs, policies, usages, practices, procedures and rules of Defendant COUNTY OF SUFFOLK constituted deliberate indifference to the safety, well being and constitutional rights of the Plaintiff.

64.     The foregoing customs, policies, usages, practices, procedures and rules of Defendant COUNTY OF SUFFOLK were the direct and proximate cause of the constitutional violations suffered by Plaintiff as alleged herein.

65.     The foregoing customs, policies, usages, practices, procedures and rules of Defendant COUNTY OF SUFFOLK were the moving force behind the Constitutional violations suffered by Plaintiff as alleged herein.

66.     As a result of the foregoing customs, policies, usages, practices, procedures and rules of Defendant COUNTY OF SUFFOLK, Plaintiff was subjected to excessive and otherwise unnecessary deadly force, to deliberate indifference to his serious medical needs and safety, to failure to intervene, and to supervisory liability, resulting in his wrongful, untimely and unnecessary death.

67.     Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating the Plaintiff's constitutional rights.

68.     All of the foregoing acts by defendants deprived Plaintiff of federally protected rights, including, but not limited to, the right:

To be free from the use of excessive force;

To be free from deliberate indifference to serious medical needs and/or safety;

To receive equal protection under law;

To be free from disability discrimination;

To be free from interference with familial relations;

To be free from supervisory liability; and

To be free from failure to intervene.

69.     As a result of the aforementioned misconduct and abuse of authority detailed above, Plaintiff sustained the damages hereinbefore alleged.

70.     As a result of the aforesaid wrongful, reckless and intentional acts, the plaintiff has been damaged in the sum of TWENTY MILLION ($20,000,000.00) DOLLARS and attorneys' fees and costs in an amount to be ascertained at the conclusion of this litigation and punitive and exemplary damages against Suffolk County in the amount of TEN MILLION ($10,000, 000.00), DOLLARS.

**AS AND FOR A FOURTH CAUSE OF ACTION AGAINST DEFENDANT COUNTY OF SUFFOLK FOR NEGLIGENCE, NEGLIGENT HIRING, NEGLIGENT TRAINING, NEGLIGENT SUPERVISION AND NEGLIGENT RETENTION**

71.     Plaintiff repeats, reiterates and realleges each and every allegation contained in the foregoing paragraphs with the same force and effect as if fully set forth herein.

72.     At all times relevant hereto, Defendant COUNTY OF SUFFOLK had the duty to competently and sufficiently hire, train, retain and supervise within the Police Academy and at the Command, Precinct and Patrol levels, the Individual Defendants in the protection of the Constitutional rights of the plaintiff under the First, Fourth, Fifth, and Fourteenth Amendment to the United States Constitution.

73.     Defendant COUNTY OF SUFFOLK exhibited a lack of that degree of due care which prudent and reasonable individuals would show in executing its duties.

74.     Defendant COUNTY OF SUFFOLK, its agents, servants, and/or employees failed to hire, train, supervise, discipline or in any other way control the defendant officers in the exercise of their functions; that their failure to enforce the laws of the State of New York and the COUNTY OF SUFFOLK was and is carried out negligently, willfully, maliciously and with such reckless disregard for the consequences so as to display a conscious disregard for the

dangers of harm and injury to citizens of the State and COUNTY OF SUFFOLK, including the Plaintiff and its decedent herein.

75.     In addition, Defendant COUNTY OF SUFFOLK had the duty to competently and sufficiently hire, train and retain within the Police Academy and at the Command, Precinct and Patrol levels, the Individual Defendants to conform their conduct to a standard, established by law, for the protection of citizens, such as plaintiff, against unreasonable risk of harm by conducting themselves in such a manner as not to intentionally, wantonly, and/or negligently inflict injuries and death to citizens such as Dainell herein.

76.     Defendant COUNTY OF SUFFOLK failed to competently and sufficiently hire, train, supervise and retain the Individual Defendants to confirm and conduct themselves to a statute established by law for the protection of citizens, such as Dainell, against unreasonable risk of harm by conducting themselves in such a manner as not to intentionally, wantonly and/or negligently inflict injuries and death to citizens such as Dainell herein.

77.     Defendants' failure to train and supervise as described above amounted to deliberate indifference to the constitutional rights of persons such as Dainell.

78.     Defendant County failed to implement and enforce appropriate supervision by and of its staff so as to prevent and remedy violations of citizens' constitutional rights.

79.     Defendant County failed to remedy the untrained unsupervised personnel and continued to retain them. As such, the defendants knew or should have known that the retention would result in violation of Plaintiff's civil rights.

80.     As a result of the aforesaid negligent acts of Defendant COUNTY OF SUFFOLK, the plaintiff has been damaged in the sum of TWENTY MILLION ($20,000,000.00) DOLLARS and attorneys' fees and costs in an amount to be ascertained at the conclusion of this litigation

and punitive and exemplary damages in the amount of TEN MILLION ($10,000, 000.00),

DOLLARS as against the COUNTY OF SUFFOLK.

### AS AND FOR A FIFTH CAUSE OF ACTION
### AGAINST ALL DEFENDANTS FOR NEGLIGENCE

81.      Plaintiff repeats, reiterates and realleges each and every allegation contained in

the foregoing paragraphs with the same force and effect as if fully set forth herein.

82.      The Individual Defendants owed Dainell a duty of care.

83.      The Individual Defendants acted negligently and grossly negligently.

84.      The Individual Defendants' negligence and gross negligence was the proximate

cause of Dainell's death.

85.      Defendant County is liable for the Individual Defendants' negligence and gross

negligence under the doctrine of *respondeat superior*.

86.      As a result of the aforesaid negligent acts of the Individual Defendants, the

plaintiff has been damaged in the sum of TWENTY MILLION ($20,000,000.00) DOLLARS and

attorneys' fees and costs in an amount to be ascertained at the conclusion of this litigation and

punitive and exemplary damages in the amount of TEN MILLION ($10,000, 000.00),

DOLLARS as against the Individual Defendants.

### AS AND FOR A SIXTH CAUSE OF ACTION AGAINST ALL DEFENDANTS
### FOR ASSAULT AND BATTERY

87.      Plaintiff repeats, reiterates and realleges each and every allegation contained in

the foregoing paragraphs with the same force and effect as if fully set forth herein.

88.      On or about July 24, 2013 Plaintiff was assaulted and battered by the Individual

Defendants, sustaining severe physical injury at the hands of the Individual Defendants resulting

in his death.

89.     Defendants' wrongful act of attacking, subduing, battering, and otherwise holding or pinning Dainell face down to the ground for an extended period of time while rear handcuffed and leg-cuffed, and of delaying treatment for Dainell's serious injuries, caused Dainell's untimely death.

90.     Defendant COUNTY OF SUFFOLK is liable for the tortious acts and omissions of its employees under the doctrine of *respondeat superior*.

91.     As a result of the aforementioned misconduct and abuse of authority detailed above, Plaintiff sustained the damages hereinbefore alleged.

92.     As a result of the aforesaid wrongful, reckless and intentional acts of the Defendants, the Plaintiff was damaged in the amount of TWENTY MILLION ($20,000,000.00) DOLLARS and attorneys' fees and costs in an amount to be ascertained at the conclusion of this litigation.

93.     Defendants' extreme and outrageous conduct was the direct and proximate cause of severe and emotional distress to Dainell.

94.     As a result of the aforesaid wrongful, reckless and intentional acts of the defendants, Plaintiff seeks punitive and exemplary damages in the amount of TEN MILLION ($10,000,000.00) DOLLARS.

**AS AND FOR A SEVENTH CAUSE OF ACTION AGAINST ALL DEFENDANTS FOR WRONGFUL DEATH AND CONSCIOUS PAIN AND SUFFERING**

95.     Plaintiff repeats, reiterates and realleges each and every allegation contained in the foregoing paragraphs with the same force and effect as if fully set forth herein.

96.     Defendants are liable for Dainell's death.

97.     Dainell experienced severe conscious pain and suffering immediately prior to his death, which was caused by Defendants' unconstitutional and otherwise unlawful acts and omissions.

98.     As a direct and proximate result of Dainell's conscious pain and suffering and death, Dainell's estate has suffered damages in an amount to be determined at trial

99.     The statutory distributees of Dainell's estate sustained significant loss resulting from the loss of Dainell's love, comfort, society, and attention.

100.    As a result of the aforesaid wrongful, reckless and intentional acts of the Defendants, Dainell's estate was damaged in the amount of TWENTY MILLION ($20,000,000.00) DOLLARS and attorneys' fees and costs in an amount to be ascertained at the conclusion of this litigation.

101.    Defendants' extreme and outrageous conduct was the direct and proximate cause of severe and emotional distress to Dainell.

102.    As a result of the aforesaid wrongful, reckless and intentional acts of the defendants, Dainell's estate seeks punitive and exemplary damages in the amount of TEN MILLION ($10,000,000.00) DOLLARS

**JURY TRIAL**

103.    Plaintiff requests a jury trial on all questions of fact.

Dated:  New York, New York
        May 4, 2016

                                        By: _____
                                            Brett H. Klein
                                            Brett H. Klein, Esq., PLLC
                                            305 Broadway, Suite 600
                                             New York, New York 10007
                                            (212) 335-0132

                                            Eric Hecker
                                            Cuti Hecker Wang, LLP
                                            305 Broadway, Suite 607
                                            New York, New York 10007
                                            (212) 620-2600

                                            *Attorneys for Plaintiff*