UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

GLYNICE SIMMONS, individually and as Administratrix
of the ESTATE OF DAINELL ERIK SIMMONS,

                        Plaintiffs,

-against-

COUNTY OF SUFFOLK, GEORGE OLIVA; KAREN GRENIA; SUSAN CATALDO; SAL YOVINO; JAMES POLTORAK; KEVIN WUESTENHOFF; JEFFREY PITKEWICS; STEVEN TURNER; RICHARD CIACCIO; JAMES SAMARTINO; DENISE FIERRO; FRANK LEOTTA and POLICE OFFICERS "JOHN DOE" 1-10,

                        Defendants.

**ANSWER TO THIRD AMENDED COMPLAINT ON BEHALF OF DEFENDANT YOVINO**

14-cv-3884 (AMD)(ARL)

Defendant Sal Yovino, by his attorney, Dennis M. Brown, Suffolk County Attorney, by Arlene S. Zwilling, Assistant County Attorney, answering plaintiff's third amended complaint respectfully:

1. Avers that the allegations contained in the paragraphs numbered 1, 5, 6 and 7 of the third amended complaint characterize the legal action being brought and purport to invoke the jurisdiction of the Court pursuant to the enumerated statutes and, as such, makes no answer save to demand strict proof thereof and to deny any conduct giving rise to any cause of action thereunder.

2. Denies, upon information and belief, the allegations contained in the paragraph numbered 2 of the third amended complaint.

3. Denies knowledge or information sufficient to form a belief as to the allegations contained in the paragraphs numbered 8, 9, 10, 11, 12, 13, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24,

1

25, 26 and 27 of the third amended complaint.

4. Denies knowledge or information sufficient to form a belief as to the allegations contained in the paragraph numbered 14 of the third amended complaint, except admits receipt of a purported notice of claim, and refers all questions of law to the Court.

## AS TO THE FIRST CAUSE OF ACTION

5. Answering the paragraph numbered 28 of the third amended complaint, repeats, reiterates and realleges each and every response to the recited paragraphs, with the same force and effect as if the same were set forth at length herein.

6. Denies, upon information and belief, the allegations contained in the paragraphs numbered 29, 30, 31, 32, 33, 34, 35, 36, 37, 38, 39, 40, 41, 42, 43 and 44 of the third amended complaint.

## AS TO THE SECOND CAUSE OF ACTION

7. Answering the paragraph numbered 45 of the third amended complaint, repeats, reiterates and realleges each and every response to the recited paragraphs, with the same force and effect as if the same were set forth at length herein.

8. Denies, upon information and belief, the allegations contained in the paragraphs numbered 46, 47, 48, 49, 50, 51, 52, 53, 54, 55, 56, 57 and 58 of the third amended complaint.

## AS TO THE THIRD CAUSE OF ACTION

9. Answering the paragraph numbered 59 of the third amended complaint, repeats, reiterates and realleges each and every response to the recited paragraphs, with the same force and effect as if the same were set forth at length herein.

10. Denies, upon information and belief, the allegations contained in the paragraphs

numbered 60, 61, 62, 63, 64, 65, 66, 67, 68, 69 and 70 of the third amended complaint.

## AS TO THE FOURTH CAUSE OF ACTION

11. Answering the paragraph numbered 71 of the third amended complaint, repeats, reiterates and realleges each and every response to the recited paragraphs, with the same force and effect as if the same were set forth at length herein.

12. Denies, upon information and belief, the allegations contained in the paragraphs numbered 72, 73, 74, 75, 76, 77, 78, 79 and 80 of the third amended complaint.

## AS TO THE FIFTH CAUSE OF ACTION

13. Answering the paragraph numbered 81 of the third amended complaint, repeats, reiterates and realleges each and every response to the recited paragraphs, with the same force and effect as if the same were set forth at length herein.

14. Denies, upon information and belief, the allegations contained in the paragraphs numbered 82, 83, 84, 85 and 86 of the third amended complaint.

## AS TO THE SIXTH CAUSE OF ACTION

15. Answering the paragraph numbered 87 of the third amended complaint, repeats, reiterates and realleges each and every response to the recited paragraphs, with the same force and effect as if the same were set forth at length herein.

16. Denied, upon information and belief, the allegations contained in the paragraphs numbered 88, 89, 90, 91, 92, 93 and 94 of the third amended complaint.

## AS TO THE SEVENTH CAUSE OF ACTION

17. Answering the paragraph numbered 95 of the third amended complaint, repeats, reiterates and realleges each and every response to the recited paragraphs, with the same force

and effect as if the same were set forth at length herein.

18. Denies, upon information and belief, the allegations contained in the paragraphs numbered 96, 97, 98, 99, 100, 101 and 102 of the third amended complaint.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

19. That the amended complaint fails to state a claim upon which relief can be granted.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

20. That the damages sustained by plaintiff, if any, were caused by the plaintiff's own culpable and/or negligent conduct.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

21. That the amended complaint fails to set forth facts sufficient to constitute a deprivation of any constitutional right or other basis for a civil rights claim.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

22. That no policy, statement, ordinance, regulation or decision officially adopted and/or promulgated by defendants or otherwise ratified by defendants authorized a deprivation of plaintiff's constitutional rights.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

23. That no custom or usage adopted, followed, endorsed or ratified by defendants authorized a deprivation of plaintiff's constitutional rights.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

24. That the doctrines of respondeat superior and vicarious liability do not apply to a civil rights claim.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

25. That municipal defendants are not liable for punitive damage awards.

### AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

26. That this Court should not proceed in the absence of parties who are indispensable to the determination of this action, which parties plaintiff has failed to join.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE

27. That defendants' actions, if any, were justified by the facts and circumstances presented.

### AS AND FOR A TENTH AFFIRMATIVE DEFENSE

28. That the arrest and/or detention, if any, were reasonable and based upon probable cause to believe that the plaintiff had committed a crime and/or offense.

### AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

29. That the substance of any communications, if any, made by the defendants and/or their agents are and were true.

### AS AND FOR A TWELVTH AFFIRMATIVE DEFENSE

30. That the defendants, at all times complained of, acted reasonably and in good faith in the discharge of their official duties and responsibilities.

31. That defendants acted in what they did solely pursuant to their duties and responsibilities as law enforcement and/or prosecuting officials.

32. That defendants at all times acted in good faith in that they reasonably believed that they were exercising and acting within their statutory and constitutional powers.

33. That in performing such duties and responsibilities, defendants are and were protected by absolute and/or qualified Federal and/or State immunity.

### AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

34. That defendants took plaintiff into custody pursuant to a civilian arrest after identification, in accordance with statutory mandate.

### AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE

35. That the substance of any communications, if any, made by defendants and/or their agents are and were absolutely privileged.

### AS AND FOR A FIFTEENTH AFFIRMATIVE DEFENSE

36. That this action is barred by the doctrines of qualified and/or absolute governmental immunity for discretionary acts.

### AS AND FOR A SIXTEENTH AFFIRMATIVE DEFENSE

37. That the Suffolk County Police Department is not an entity susceptible to suit.

WHEREFORE, defendants demand judgment against the plaintiff dismissing the third amended complaint, together with the costs, disbursements and reasonable attorneys' fees of this action, and for such other and further relief as this Court deems just and proper.

DATED: Hauppauge, New York
June 23, 2016

                    Yours etc.,
                    Dennis M. Brown
                    Suffolk County Attorney
                    Attorney for Defendants County of Suffolk, Oliva, Grenia, Cataldo, Yovino, Poltorak, Wuestenhoff, Pitkewics, Turner, Ciaccio, Samartino, Fierro and Leotta
                    H. Lee Dennison Building
                    100 Veterans Memorial Highway
                    Hauppauge, New York 11788

By:   */s/ Arlene S. Zwilling*
       Arlene S. Zwilling
       Assistant County Attorney

TO:

Eric Hecker, Esq.
Cuti Hecker Wang, LLP
305 Broadway, Suite 607
New York, New York 10007
212-620-2600