# CUTI HECKER WANG LLP

305 Broadway, Suite 607
New York, NY 10007

Eric Hecker
212.620.2602 tel
212.620.2612 fax

ehecker@chwllp.com

September 4, 2016

**By ECF**

Hon. Ann Donnelly
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re:     *Simmons v. County of Suffolk et al.*, 2:14-CV-3884 (AMD) (ARL)

Dear Judge Donnelly:

I represent the Plaintiff in this case, together with my co-counsel, Brett Klein of Brett H. Klein, Esq., PLLC.  The current deadline for completing all discovery, including expert discovery, is October 28, 2016.  I write to request that the Court extend that deadline by 45 days.  As detailed below, we have worked diligently to conduct and complete discovery as expeditiously as possible, but notwithstanding our diligence, compliance with the current deadline is not tenable.  Counsel for Defendants, Arlene Zwilling, strongly supports this joint request for an extension.

By way of background, this is a significant wrongful death case against Suffolk County and various officers of the Suffolk County Police Department ("SCPD").  Plaintiff's decedent was killed during a police use of force incident that involved well over a dozen SCPD officers as well as other fire department and ambulance first responders.  There are twelve individual Defendants.  In addition to those twelve individual Defendants, all of whom must be deposed, there are at least four non-parties, and we believe several additional nonparties, who witnessed at least part of the incident.  We therefore anticipate taking in the range of 20 fact depositions.  There also will be significant expert discovery.

Although this case was filed in 2014, discovery was stayed during the pendency of the motion to dismiss filed by Defendant Maryhaven Center of Hope.  That motion was not decided until September 30, 2015.  No discovery took place (or was allowed to take place) before then.

Shortly before Judge Seybert granted Maryhaven's motion to dismiss, Plaintiff was informed that her attorney's license to practice law had been suspended.  Plaintiff therefore was compelled to search for and retain substitute counsel.  Mr. Klein and I were retained in late October 2015.  We formally appeared

on October 29, 2015, less than a month after the motion to dismiss was granted, and before any initial conference order had been entered or any Rule 26 disclosures had been exchanged.

Eager to commence discovery right away, we immediately wrote to defense counsel, Ms. Zwilling, observing that no initial conference order had been entered in this case, and requesting a Rule 26(f) meet and confer teleconference so that discovery could commence. During the Rule 26(f) conference that ensued, Ms. Zwilling assured us that she would turn over the entire files of the Suffolk County Police Department's homicide and internal affairs bureaus as soon as those investigations were complete. Without those files, we could not even identify and name the individual officer Defendants (who at that point had been named as "John and Jane Does"), much less begin discovery in earnest.

Meanwhile, we worked diligently to obtain the case file from outgoing counsel. Outgoing counsel initially declined to turn the file over, asserting a retaining lien. We eventually were able to persuade outgoing counsel to produce its case file, but we did not receive the file until December 17, 2015.

Magistrate Judge Lindsay scheduled a Rule 16 initial conference for February 3, 2016. On February 2, 2016, Judge Lindsay entered a scheduling order (the first scheduling order entered in this case) setting an August 3, 2016 discovery deadline.

During the period between the parties' November 2015 Rule 26(f) conference and March 2016, we repeatedly followed up with Ms. Zwilling about the status of Defendants' document production, expressing concern both about the pace of the case and our need to amend the complaint to identify the individual officer Defendants prior to the expiration of the three-year statute of limitations in August 2016. In fairness to Ms. Zwilling, she was at all times responsive, courteous, and diligent, and we in no way criticize her handling of this case. To the contrary, she has been a pleasure to work with. Notwithstanding what appears to have been Ms. Zwilling's best efforts, however, she was unable to cause Defendants to produce any documents at all until March 9, 2016, when she produced Defendants' initial disclosures and a partial production containing the homicide bureau's case file.

On March 29, 2016, we sent Ms. Zwilling a letter identifying various categories of responsive documents that had not been produced, including the entire internal affairs bureau file, numerous photos and videos, personnel files, etc. We followed up with Ms. Zwilling in writing again on April 4, 2016, adding significantly to the list of categories of documents that remained to be produced. During this period, Ms. Zwilling met and conferred with us several times by telephone and

made clear that she was working with her clients to produce all responsive documents as expeditiously as possible.

Defendants produced a significant second document production on April 14, 2016.  This production enabled Plaintiff to identify all of the appropriate officers to name as individual Defendants.  On May 4, 2016, Plaintiff filed an amended complaint (with Defendant's consent) naming 12 individual officer Defendants.  The amended complaint was served on the newly named individual Defendants on June 16, 2016.  The individual Defendants answered on June 24, 2016.

On July 14, 2016, I met and conferred with Ms. Zwilling once again regarding Defendants' still incomplete document production.  As always, Ms. Zwilling was cooperative and constructive, and she made clear that she was working diligently to complete Defendants' production.  We sent another letter to Ms. Zwilling on July 22, 2016, reminding her that Defendants still had not responded to Plaintiff's interrogatories, and highlighting the most important documents that remained to be produced, including various relevant SCPD rules and procedures, training materials, and the individual Defendants' personnel files.  Defendants made an additional production on August 4, 2016, and the finally answered Plaintiff's interrogatories on August 29, 2016 (earlier this week).

Meanwhile, the parties jointly moved the Court to extend the fact discovery deadline until October 31, 2016, with expert discovery to follow.  Judge Lindsay granted the parties' request in part and denied it in part, ordering that *all* discovery, including expert discovery, must be completed by October 31, 2016.

On July 26, 2016 (the very next day after Judge Lindsay partially denied the parties' request for an extension, with Defendants' production still complete and their interrogatory responses still outstanding), Plaintiff served Defendants with 19 deposition notices – 12 party depositions, four non-party subpoenas (including the responding EMT, the emergency room doctor, and the medical examiner), and three 30(b)(6) depositions.  Plaintiff served these notices reluctantly, because we *still* do not have all of the documents we need to proceed with many of the depositions (*e.g.*, officer personnel files).  Because Ms. Zwilling was on vacation and unavailable for two weeks in August, and in order to build in time to allow her to complete Defendants' production prior to the commencement of depositions, Plaintiff noticed depositions to begin on September 13, 2016 and to continue on *every single non-holiday weekday* (there are many holidays this fall) until October 11.

Even if it were tenable to stick to that very taxing schedule for fact depositions, and even assuming the officer Defendants will be available on the days for which they were noticed (Ms. Zwilling has been unable to get the SCPD to confirm the officers' availability), that still would not leave the parties nearly

sufficient time to complete expert discovery by October 31, 2016.  We anticipate relying on at least two experts (regarding police practices and pain and suffering).  Moreover, Ms. Zwilling has informed us that she will not be able to produce the witnesses we noticed on the dates we noticed without causing hardship to the witnesses and/or to the Suffolk County Police Department, and she may not be able to comply with the schedule we noticed at all.

For all of these reasons, the parties respectfully request that the Court grant us an additional 45 days in which to complete discovery.  Granting this request would enable the parties to complete fact discovery by October and engage in expert discovery in November and early December.  That would not by any means be a cozy schedule, but it should give us the time we reasonably need to complete our work in an orderly fashion.  We respectfully submit that this is not a case in which counsel have not been taking their discovery obligations seriously.  To the contrary, we have acted diligently and persistently at all times, and although we wish Defendants had moved more quickly, we are satisfied that Ms. Zwilling has done and will continue to do her best, and we appreciate her efforts very much.

We apologize for the length of this letter, but we felt the circumstances warranted a complete recitation of the facts.  Thank you very much for your consideration of the parties' joint request.

Respectfully submitted,

Eric Hecker

cc:  All Counsel (by ECF)