# Cuti Hecker Wang LLP

305 Broadway, Suite 607
New York, NY 10007

Eric Hecker
212.620.2602 tel
212.620.2612 fax

ehecker@chwllp.com

December 22, 2016

**By ECF**

Judge Ann M. Donnelly
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

    Re:    *Simmons et al. v. County of Suffolk et al.*, 2:14-cv-03884-AMD-ARL

Dear Judge Donnelly:

    We represent the Plaintiff in this case. We write to inform the Court that Dr. Maura DeJoseph, the medical examiner who performed the autopsy on the decedent, has not made herself available to be deposed, and to request a teleconference with the Court to discuss whether a Court order is necessary.

    Dr. DeJoseph was employed by Suffolk County when she performed the autopsy on the decedent in 2013, but she subsequently took a position with the Office of the Chief Medical Examiner in Hartford, Connecticut. Counsel for Defendants, Ms. Zwilling, informed me last summer that she did not represent her.

    I therefore reached out to Dr. DeJoseph by email on July 26, 2016 explaining the need to depose her and informing her that we would work with her to identify a convenient time and place. I followed up with her again thereafter. She would not agree to speak with me.

    Plaintiff subpoenaed Dr. DeJoseph (serving her both at her residence and at her place of business) on or about October 13, 2016, noticing her deposition for November 14, 2016 in Hartford. The day after we served her, Dr. DeJoseph called me. She told me that she did not understand why she needed to be deposed and that she did not wish to be deposed. I explained to her why it was necessary and appropriate for Plaintiff to be able to question the medical examiner who performed the autopsy. I emphasized that I had picked November 14 unilaterally because she had refused to talk to me about the schedule, but that we would take her deposition on any mutually convenient day and in a convenient place. I also informed her that I had previously presented Defendants with proposed stipulations that would have

obviated the need to take her deposition. She asked me why Defendants had refused to entertain such stipulations, and I told her that I did not know why and that she should reach out to Ms. Zwilling directly to discuss that issue and any other aspect of her role in this case.

Ms. Zwilling subsequently informed me that Dr. DeJoseph had indeed reached out and that Ms. Zwilling would be representing her going forward. I therefore have had no further direct contact with Dr. DeJoseph.

On October 25, 2016, Ms. Zwilling requested that we adjourn Dr. DeJoseph's deposition for a few weeks. We expressed concern about this request because, at the time, the discovery deadline was December 12, 2016. We therefore told Ms. Zwilling that we would agree to the request for an adjournment provided that Defendants were able to obtain an extension of the then-looming deadline from the Court. The Court subsequently granted Defendants' request for an extension through February 12, 2017, and the parties agreed to move Dr. DeJoseph's deposition to November 30, 2016.

Ms. Zwilling then asked to move Dr. DeJoseph's deposition from November 30, 2016 to December 8, 2016. We once again agreed.

Ms. Zwilling then informed me that Dr. DeJoseph could no longer be deposed on December 8, 2016, and she asked if we could move the deposition to December 20, 2016. I informed her that December 20 was one of the very few dates in December when Mr. Klein and I were not available, and I asked her to suggest alternative dates.

Since that last discussion, I have followed up with Ms. Zwilling numerous times, both verbally and in writing, asking her to propose alternative dates for Dr. DeJoseph. She has not done so. I have reason to suspect that Dr. DeJoseph is no longer responding to Ms. Zwilling.

It is important to note that the current February 12, 2017 discovery deadline includes all discovery, including expert discovery, and that Dr. DeJoseph's deposition is highly relevant to the forthcoming report from our expert pathologist, Dr. Baden. Part of Dr. Baden's report will be opining on Dr. DeJoseph's conclusions about the decedent's cause of death. We therefore cannot serve Dr. Baden's report before Dr. DeJoseph is deposed. Indeed, because we typically do not receive deposition transcripts for two weeks or more (in this case, we will be working with a Connecticut court reporter with whom we have no prior relationship, so there is additional uncertainty there), and because Dr. Baden is very busy and will need ample time to review the transcript once it is ready, we will need at least thirty

days, if not more, after the deposition for Dr. Baden to serve his report.[1] Assuming Defendants wish to take the full 30 days that are available under the rules to submit a rebuttal report, and assuming two weeks for expert depositions, that means that we realistically are not going to be able to complete expert discovery until April. I have highlighted this issue several times and asked Ms. Zwilling in writing several times to propose a reasonable schedule for completing discovery on time in light of these constraints, but she has not responded.

There are other pressing issues as well. For example, we still have not been able to take the deposition of Detective Fandrey, the lead detective who authorized the report concluding that decedent was asphyxiated by police officers who put weight on him. This obviously is an important deposition. We originally subpoenaed Detective Fandrey (who is retired) to be deposed on October 13, 2016. Ms. Zwilling asked us to adjourn it to December 1, 2016, and we agreed. Ms. Zwilling asked us to adjourn it once again to December 22, 2016, and we once again agreed. Ms. Zwilling then informed me yesterday afternoon that Detective Fandrey would not be appearing for his deposition today. We are working together to reschedule, but in light of the history, we are concerned.

There also is the issue of 30(b)(6) depositions on policy issues. We noticed these last July. We have followed up with Ms. Zwilling about this issue in writing more than twenty times, but she still has not scheduled them. (She has identified a witness who she believes can testify about all three issues in a single deposition, but she has never provided proposed dates despite our repeated reminders.)

We emphasize, as we have before, that we enjoy a very positive working relationship with Ms. Zwilling, and we believe that the problems that continue to persist stem not from a lack of diligence but rather from her unreasonable workload and apparent lack of cooperation from her clients. That said, we are entitled to complete discovery, and it appears that we will not be able to do so without the Court's assistance.

We appreciate the Court's consideration of this letter. We are available for a teleconference at the Court's convenience.

                                        Respectfully submitted,

                                        Eric Hecker

cc: All Counsel

---

[1] We previously applied for Court approval to retain Dr. Baden pursuant to Local Rule 54.1(c)(3). *See* Dkt. No 65 (11/17/16). That application is unopposed and remains pending.