# Cuti Hecker Wang LLP

305 Broadway, Suite 607
New York, NY 10007

Eric Hecker
212.620.2602 tel
212.620.2612 fax

ehecker@chwllp.com

March 6, 2017

**By ECF**

Judge Ann M. Donnelly
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      Re:    *Simmons et al. v. County of Suffolk et al.*, 2:14-cv-03884-AMD-ARL

Dear Judge Donnelly:

      We represent the Plaintiff in this case. Defense counsel, Arlene Zwilling, represented in her January 18, 2017 letter to the Court (Dkt. No. 69) that all fact depositions would be completed by no later than February 17, 2017, and that expert discovery would be completed no later than April 28, 2017. Judge Lindsay's subsequent scheduling order (Dkt. No. 70) provided that all discovery must be completed by April 28, 2017, and that "[n]o further extensions will be provided absent extraordinary circumstances." We remain hopeful that the parties will be able to complete discovery by the April 28, 2017 cutoff. However, because Defendants did not honor their commitment to complete fact depositions by February 17, 2017, and because (as described more fully below) many fact discovery issues remain outstanding, and because it has been so challenging to get Ms. Zwilling to schedule depositions, adhere to the schedule, and address outstanding issues, we feel compelled to advise the Court, well in advance of the final discovery cutoff, where things currently stand.

      We emphasize, as we have in the past, that we enjoy a constructive relationship with Ms. Zwilling. We do not doubt her professionalism or her good faith. Instead, our sense is that her repeated inability to adhere to her commitments (including, but not limited to, this Court's repeated discovery orders) results from her overwhelming caseload and insufficient resources. But our job is to move this case forward diligently, as we always have, and we wish to ensure that there will not be additional delays.

There are at least five fact depositions that remain to be taken. First, Defendants still have not produced a Rule 30(b)(6) witness to testify about their policies and practices regarding engaging and arresting persons with mental impairments ("PMIs"). We first noticed this deposition, together with a 30(b)(6) notice about policies and practices regarding uses of force, in July 2016. In the seven months since then, we followed up with Ms. Zwilling in writing literally dozens of times. Ms. Zwilling told us that she would produce a single witness – Edward Bracht – who she assured us could testify about both PMI and use of force policies and practices. Ms. Zwilling did not produce Mr. Bracht until February 23, 2017 (after the fact discovery deadline), and to our surprise, Mr. Bracht made clear during his deposition that he is not at all qualified to testify about Defendants' PMI policies and practices. Since that deposition, we have followed up with Ms. Zwilling about this repeatedly, but she still has not identified a PMI 30(b)(6) witness, much less provided proposed deposition dates.

Second, it is necessary to take a follow up deposition of Edward Fandrey, the lead homicide detective in this case, because Defendants failed to produce important documents before or even during his deposition. During Mr. Fandrey's deposition, it was revealed that he took and kept notes on his investigation into this case in a specific notebook, and that this notebook had not been produced. Ms. Zwilling produced the missing notebook several days later, but she has not agreed to make Mr. Fandrey available for a (we believe short) follow up deposition. At first, she expressly refused to produce him at all. She then asked whether we would agree to a telephone deposition. We said yes, provided that Defendants pay the transcription cost (which is fair; failing to produce his notebook before his deposition was a significant omission that caused the second deposition to be necessary). Ms. Zwilling has not responded, nor has she provided proposed deposition dates.

There are at least three other fact witnesses who must be deposed – one of the Defendants (Turner) and two of the homicide detectives (Milau and O'Hara). These depositions have been scheduled and canceled repeatedly. They were rescheduled for last week, but Ms. Zwilling apparently was in trial last week, so they did not go forward yet again. We have followed up with her repeatedly, but she still has not provided proposed deposition dates for these witnesses.

Although it seems likely that the five individuals identified above are the only remaining fact deponents, it is possible that other fact depositions will be necessary. This is because Defendants still have not identified the witnesses they intend to call at trial. In their original Rule 26 disclosures, Defendants did not identify a single potential witness by name, much less describe the relevant information possessed by each individual witness. Instead, Defendants purported to designate as potential trial witnesses each and every one of the upwards of 100 people referred to in their voluminous document productions. That is not proper. Rule 26(a)(1)(A)(i) expressly requires Defendants to disclose all potential trial

witnesses by "name" and to identify the "subjects" of relevant information possessed by each specifically identified person. Identifying witnesses by general category, without naming each one specifically by name, violates Rule 26. *See Passarella v. NFI Interactive Logistics*, LLC, 2016 WL 6134541, at *4, *11 (N.D. Ill. Oct. 20, 2016); *Rogers v. Bank of American*, N.A., 2014 WL 4681031, at *4-6 (D. Kan. Sept. 19, 2014); *Galloway v. Islands Mech. Contractor, Inc.*, 2012 WL 5830710, at *2 (D.V.I. Nov. 16, 2012); Geico Cas. Co. v. Beauford, 2007 WL 2412953, at *5 (M.D. Fla. Aug. 21, 2007). Ms. Zwilling has repeatedly assured us that she would serve compliant disclosures, but she still has not.

Relatedly, Ms. Zwilling has identified four individuals who she might possibly call, but is unlikely to call, at trial. The parties agreed in principle that in order to conserve resources, we would forego taking these four depositions for now, and in the unlikely event they become trial witnesses, Defendants will afford Plaintiff sufficient advance notice, and the parties will work together in good faith to take these depositions before trial. I sent Ms. Zwilling a draft stipulation over three weeks ago. She indicated that she had some apparently minor concerns with our proposed language. We have followed up with her repeatedly, but she has not turned around the draft. Although it seems unlikely that this will become an issue (because we expect Ms. Zwilling to serve compliant disclosures and for the parties to execute the stipulation), the fact that these issues remain open, after the February 17, 2017 fact discovery deadline, leaves us uncomfortable.

There are numerous other open issues that we consider to be relatively minor. For example, Ms. Zwilling has not confirmed that all relevant documents have been produced by various departments. We expect to be able to resolve these issues with Ms. Zwilling. We mention them here because the more time that passes without resolution, the more possible it becomes that discovery will need to extend past the current April 28, 2017 deadline.

We have now served Ms. Zwilling with the expert report of our pathologist, Dr. Michael Baden, who concurs with the findings of Defendants' own witness, the Suffolk County medical examiner who performed the autopsy, that Dainell Simmons's death was a homicide and that compression asphyxia – the officers' placing their body weight on Mr. Simmons while he was rear-cuffed and at least partially in a prone position – was at least a substantial factor in causing his death.[1] Defendants' rebuttal report, if any, is due to be served on or before April 3, 2017.

---

[1] We previously applied for Court approval to retain Dr. Baden pursuant to Local Rule 54.1(c)(3). *See* Dkt. No 65 (11/17/16). We subsequently followed up with the Court about that application. *See* Dkt. No 67 (12/22/16). Our unopposed application remains pending, and we respectfully request that the Court grant it *nunc pro tunc*.

We will continue to work diligently to complete discovery by the April 28, 2017 deadline, and we hope that Ms. Zwilling will do her part to ensure that is possible. We appreciate the Court's attention to this case.

Respectfully submitted,

Eric Hecker

cc: All Counsel (by ECF)