`COUNTY OF SUFFOLK



**STEVE BELLONE**
**SUFFOLK COUNTY EXECUTIVE**

DENNIS M. BROWN                                          DEPARTMENT OF LAW
 COUNTY ATTORNEY

July 31, 2017

Hon. Ann M. Donnelly, U.S.D.J.
United States District Court, Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re: *Simmons v. County of Suffolk et al.*, CV14-CV-3884 (AMD) (ARL)

Dear Judge Donnelly:

The Suffolk County Attorney's Office represents the County of Suffolk and the Suffolk
County police officers (the "police officers"), who are defendants in this civil rights action
pursuant to 42 U.S.C. §1983 (the "police officers").  Defendants submit this letter in 1)
opposition to plaintiff's request for a pre-motion conference with respect to their motion
for summary judgment and 2) in support of defendants' request for a pre-motion
conference with regard to their proposed cross-motion for summary judgment.

Respectfully, defendants submit that allowing plaintiff to seek summary judgment would
be futile, both because there are fundamental disputes of fact that must be resolved before
liability can be found, and because contrary to plaintiff's legal arguments, it was not clearly
established law on July 24, 2013, the date of the subject incident, that the police officers'
alleged actions were objectively unreasonable.

Defendants' proposed motion for summary judgment will not turn on any material issue of
the fact.  We wish to move on the entirely legal ground that the police officers are entitled
to qualified immunity since even under plaintiff's version of the facts, it was not clearly
established at the time of this incident that their claimed conduct was unlawful. [1]

  I.   Material Factual Disputes Precluding Summary Judgment In Plaintiff's Favor

Plaintiff's claim is that decedent Dainell Simmons' death was caused by the police officers
putting weight on his torso while he was in a prone or partially prone position,
compressing his chest and causing him to asphyxiate.  However, as can be seen from

---

[1] Plaintiff's §1983 claim against the officers is the sole basis for federal jurisdiction since
plaintiff does not sue the County of Suffolk under §1983. Accordingly, upon dismissal of the
§1983 claim, defendants will request that the Court decline jurisdiction over the remaining
pendent claims.

Defendants' Counterstatement Pursuant To Local Rule 56.1(b), defendants vigorously deny that Simmons was in a prone position long enough for his chest to be compressed to the point of asphyxia. We also deny that sufficient weight was put on his torso to cause chest compression.  In fact, there is a substantial amount of deposition testimony that Simmons was on his side as the officers attempted to keep him restrained.  There is also much deposition testimony to the effect that the weight put on his torso, as opposed to his limbs and head, was not substantial.  While there may be *some* deposition testimony that Simmons was prone for *some* period of time, and that significant weight was put on his torso, the Court cannot, on a motion for summary judgment, credit that testimony and reject opposing testimony on the basis that it finds it less plausible. Whether or not the police officers a) caused Simmons' death by b) putting enough weight on his torso, c) while he was prone, are the essential and purely factual questions that a jury must determine.

 These critical factual issues would remain even if the Court were to reason, as plaintiff urges, that the police officers' purported decision to restrain Simmons to transport him for a psychiatric evaluation was an unreasonable seizure under the Fourth Amendment.[2]  The lawfulness of a seizure is separate matter from the lawfulness of the manner of the seizure. *Mendez v. City of Los Angeles*, 85 USLW 4292, 137 S.Ct. 1539 (2017).  Summary judgment cannot be granted on plaintiff's excessive force claim on the ground that the seizure was unnecessary without conflating two distinct issues which the Court of Appeals has warned against conflating.  *Dancy v. McGinley*, 843 F.3d 93, 117 (2016)("The seizure and reasonableness inquiries should not be conflated.").  Regardless of the legality of the seizure, only unreasonable conduct in effecting the seizure constitutes excessive force. *Id*.

The opinions of plaintiff's expert, Dr. Michael Baden, and Dr. Maura DeJoseph, the Deputy Medical Examiner who conducted the autopsy, do not eliminate the pivotal factual questions of whether the police officers put an amount of weight on Simmons' torso capable of causing death while he was prone.  Under FRE 702, the pathologists may opine as to the cause of death based on the police officers' testimony.  They cannot opine that the police officers' testimony as to Simmons' positioning and the weight placed on him is not worthy of belief.  See *Nimely v. City of New York*, 414 F.3d 381 (2d Cir. 2010).

Nor do the opinions of Drs. Baden and DeJoseph eliminate the question of what the cause of Simmons' death was.  As demonstrated by our Counterstatement, Dr. DeJoseph is of the opinion that the cause of death was "multifactorial", not due purely to prone positioning or chest compression, and that Simmons could have died from just his struggle with the police officers, alone.  She could not say when, during the course of this protracted struggle, Simmons chest was compressed, let alone if the compression occurred immediately prior to the cessation of breathing.  Dr. Wetli, defendants' expert, is of the opinion that the cause of death was intense exertion, with lactic acidosis and surge of nor-epinephrine due to his resistance to the officers; and that there is no evidence that the death was due to positional asphyxia, the application of tasers, or pepper spray.  Plaintiff terms the opinion of Dr. Wetli "ludicrous" and urges the Court to disregard it for purposes of dispositive motion practice. However, as plaintiff appears to recognize, without a *Daubert* hearing, an expert's testimony cannot simply be ignored.  Short of *Daubert* preclusion, the value of Dr. Wetli's

---

[2] The police officers contend that it was the Maryhaven Center that decided that he should be taken for psychiatric evaluation and called the police to make the transport.

testimony is for a jury to assess.  That the Medical Examiner's Office termed the death a homicide sheds no light on precisely what the cause of death was, and is not an indication that the death was due to criminality.[3]

II.   Applicable Law Warranting Summary Judgment For Defendants

Defendants request permission to move for summary judgment on the ground that they are entitled to qualified immunity since it was not clearly established that their alleged conduct was objectively unreasonable at the time of this incident.  Plaintiff contends that the defense is unavailable to defendants because, she argues, the law was clearly established on July 24, 2013 that it is objectively unreasonable for a police officer to put body weight on a handcuffed subject in a prone positon due to the risk of asphyxia. Simply put, this contention is incorrect. Indeed, two of the cases cited by plaintiff to support this argument, *Rivas v. City of Passaic*, 365 F.3d 181 (3d Cir. 2004) *and Keeney v. City of New London*, 196 F. Supp. 2d 190 (D. Conn. 2002) are entirely inapposite.

To the contrary, as of July 24, 2013, it was not clearly established that putting body weight on a prone person was objectively unreasonable. Certainly, as evidenced by plaintiff's failure to cite an applicable decision of the Second Circuit, the Court of Appeals for this Circuit had not so held, and it is a decision by the relevant Circuit Court, at minimum, that is necessary to clearly establish law for qualified immunity purposes.  *Terebesi v. Terreso*, 764 F.3d 217, 231(2d Cir. 2014).  Notably, as of July 24, 2013, the Fifth Circuit was of the view that such conduct was not unreasonable.  See, e.g. *Hill V. Carroll County, MS.*, 587 F.3d 230 (5th Cir. 2009).

Because "existing precedent" on the date of this incident did not place the "lawfulness" of the police officers' claimed actions "beyond debate," they are entitled to qualified immunity, even if plaintiff's factual claims are considered to be true for purposes of defendants' proposed motion.  *Mullenix v. Luna*, 84 USLW 4003, 193 L.Ed.2d 255, 136 S.Ct. 305, 309 (2015).  Accordingly, defendants respectfully request that permission to cross-move for summary judgment be granted.

We thank the Court for its time and attention to this case.

Respectfully submitted,

Dennis M. Brown
Suffolk County Attorney

*/s/ Arlene S. Zwilling*
By: Arlene S. Zwilling
     Assistant County Attorney

---

[3] Defendants also deny that Simmons' death was presented to a grand jury as a homicide. The uncontroverted evidence is that in Suffolk County, all deaths in police custody are presented to a grand jury.