# Cuti Hecker Wang LLP

305 Broadway, Suite 607
New York, NY 10007

Eric Hecker
212.620.2602 TEL
212.620.2612 FAX

ehecker@chwllp.com

August 2, 2017


The Honorable Ann M. Donnelly
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201


      Re:    *Simmons et al. v. County of Suffolk et al.*, 2:14-cv-03884-AMD-ARL

Dear Judge Donnelly:

      We write to respond briefly to the letter that Defendants submitted on July 31, 2017.

      We were surprised to see that Defendants are now belatedly seeking leave to move for summary judgment. The deadline for commencing that process was June 2, 2017 (Docket No. 71). Defendants failed to meet that deadline. In any event, the arguments Defendants advance in their letter have no merit for the following reasons.

      First, there is no genuine issue of fact about whether Defendants were justified in using lethal force or whether they caused decedent's death by asphyxiating him. The overwhelming weight of the testimony of the eyewitnesses is that the officers put weight on the decedent's chest cavity for an extended period of time while he was handcuffed (and, for the last minute or so, in leg shackles as well) and in a prone or partially prone position. Even to the extent that there is some testimony that the decedent was at times on his side, the medical evidence (including petechiae and contusions) confirms that he asphyxiated. The County's own witness, Dr. DeJoseph, who performed the autopsy, and who Ms. Zwilling prepared for and represented at her deposition, concluded and testified that the decedent asphyxiated due to chest compression. Although Dr. DeJoseph also concluded that other aspects of the physical struggle to some extent contributed to the decedent's death, she testified unequivocally that asphyxia by chest compression and prone positioning was a substantial factor in causing his death. "The Supreme Court has made it crystal clear that principles of causation borrowed from tort law are relevant to civil rights actions brought under section 1983." *Warner v. Orange Cnty. Dep't of Prob.*, 115 F.3d 1068, 1071 (2d Cir.1996); *see also Wray v. City of New York*, 490 F.3d 189, 193 (2d Cir. 2007) ("Our analysis of

constitutional torts – like any other tort – is guided by common-law principles of tort."). "To establish a prima facie case in a wrongful death or personal injury action, the plaintiff generally must show that the defendant's negligence was a substantial cause of the events that produced the injury." *Estate of Morgana v. Staten Island Hotel*, 140 A.D.3d 1113, 1113-14 (2d Dep't 2017); *see also* Restatement (Second) of Torts § 431 (applying "substantial factor" test). Dr. DeJoseph's unequivocal testimony (corroborated by Dr. Baden) that chest compression and prone positioning were a substantial factor in causing the decedent's death is the beginning and end of the liability analysis in this case, even if it may be true that other factors contributed to the causation.

That means that Defendants' last line of defense is their expert, Dr. Wetli, who, after initially opining to Plaintiffs' counsel that the decedent likely died of compression asphyxia, subsequently about-faced and concluded, conveniently for Defendants, that the decedent died of "natural causes." As we explained in our prior letter, Dr. Wetli's express concession that his methodology is not generally accepted in the scientific community means that his testimony cannot be offered in support of Defendants' summary judgment opposition. Defendants suggest that there must be a *Daubert* "hearing," but that is not correct. Courts routinely adjudicate *Daubert* motions as part of summary judgment motion practice. *See*, *e.g.*, *Lara v. Delta Int'l Mach. Corp.*, 174 F. Supp. 3d 719 (E.D.N.Y. 2016); *Toomey v. MillerCoors LLC*, 86 F. Supp. 3d 202, 208 (E.D.N.Y. 2015). As we intended to make clear in our prior letter, we intend to move to preclude Dr. Wetli's testimony in connection with our summary judgment motion. Once the Court sees that Dr. Wetli cannot possibly testify about the truly absurd non-scientific methodology undergirding his opinion, Defendants will be left with no defense at all.

Finally, Defendants are not entitled to qualified immunity for the reasons stated in the cases cited in our previous letter.

We thank the Court for its ongoing attention to these issues, and we look forward to discussing them further at a pre-motion conference.

Respectfully submitted,

Eric Hecker

cc: All Counsel (via ECF)