UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
GLYNICE SIMMONS, individually and as Administratrix
of the ESTATE OF DAINELL ERIK SIMMONS,

                                         Plaintiffs,

         -against-

COUNTY OF SUFFOLK; GEORGE OLIVA;
KAREN GRENIA; SUSAN CATALDO; SAL
YOVINO; JAMES POLTORAK; KEVIN
WUESTENHOFF; JEFFREY PITKEWICS;
STEVEN TURNER; RICHARD CIACCIO,
JAMES SAMARTINO; DENISE FIERRO;
FRANK LEOTTA, and POLICE OFFICERS
"JOHN DOE" 1-10,

                                         Defendants.
-----------------------------------------------------------------------X

**REVISED JOINT PRE-TRIAL ORDER**

14 CV 3884 (AMD) (ARL)

i. **Caption**

The full caption of the action is set forth above.

ii. **Parties and Counsel**

| Plaintiff's Counsel: | Defendants' Counsel: |
|---|---|
| Brett H. Klein, Esq.<br>Brett H. Klein, Esq., PLLC<br>305 Broadway, Suite 600<br>New York, New York 10007<br>Tel: (212) 335-0132 | Arlene S. Zwilling<br>Assistant County Attorney<br>Suffolk County Attorney's Office<br>H. Lee Dennison Bldg.<br>Hauppauge, New York 11788<br>(631) 853-4055 |
| Eric Hecker<br>Cuti Hecker Wang LLP<br>305 Broadway, Suite 607<br>New York, NY 10007<br>Tel: (212) 620-2600 | |
| *Counsel for Glynice Simmons* | *Counsel for All Defendants* |

### iii. Jurisdiction

Plaintiff's Statement:

The Court's jurisdiction over the subject matter of this action is founded upon 28 U.S.C. §§ 1331, 1343 and 1367. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b).

Defendants' Statement:

Subject matter jurisdiction of the Court is not disputed.

### iv. Claims and Defenses

1. Plaintiff claims that each of the individually named Defendants violated the decedent's federal constitutional rights pursuant to 42 U.S.C. § 1983 by using excessive force to subdue and restrain him by failing to intervene on decedent's behalf to prevent the deprivations of his rights despite a reasonable opportunity to do so, all of which resulted in, *inter alia,* pain and suffering, emotional distress, consciousness of impending death, pre-death terror, and death.

    a. <u>Excessive Force Against the Individual Defendants Pursuant to 42 U.S.C. § 1983:</u> Plaintiff claims that the force used upon the decedent was objectively unreasonable, constituting a violation of his Fourth Amendment right to be free from excessive force.

    b. <u>Failure to Intervene Against the Individual Defendants Pursuant to 42 U.S.C. §1983:</u> Plaintiff must prove that any officer found not to have actively participated in restraining the decedent nonetheless observed the other defendant officers committing a constitutional violation, including the use of excessive force, and that they had a realistic opportunity to intervene but failed to do so.

    c. <u>Supervisory Liability Against Defendant Leotta to 42 U.S.C. §1983:</u> Plaintiff must prove that Defendant Leotta failed to supervise his subordinate officers and that the failure to supervise was the proximate cause of decedent's injuries.

2. Violation of the Americans with Disabilities Act (42 U.S.C. § 12132 *et seq.*) and Section 504 of the Rehabilitation Act of 1973 (29 U.S.C. § 794(a) *et seq.*): Plaintiff must demonstrate (1) that the decedent was a qualified individual with a disability; (2) that he was discriminated against by being excluded from or denied the benefits of a public entity's services, and (3) that he was discriminated against because of his disability.

3. Wrongful Death and Survivorship Pursuant to the Laws of the State of New York/Respondeat Superior Against All Defendants (NY EPTL §§ 5-4.1 *et seq.* and

and 11-3.2 *et seq*.): With respect to wrongful death, Plaintiff must prove: (1) the death of a human being; (2) a wrongful act, neglect or default of the defendant that caused the decedent's death; (3) the survival of distributees who suffered pecuniary loss by reason of the decedent's death; and (4) the appointment of a personal representative of the decedent. With respect to survivorship, Plaintiff must prove cognitive awareness of the circumstances and/or pre-impact terror and that he experienced conscious pain and suffering.

4. Negligence Pursuant to the Laws of the State of New York/Respondeat Superior Against All Defendants: Plaintiff must prove (1) that Defendants owed him a duty (2) that Defendants breached that duty and (3) that the breach caused the decedent harm.

5. Assault and Battery Pursuant to the Laws of the State of New York/Respondeat Superior Against All Defendants: Plaintiff must prove (1) that the officers intended to physically contact the decedent; (2) that the decedent did not consent; (3) that the contact was offensive; and (4) that the contact caused injury.

Defendants' Defenses

1) That the damages sustained by decedent, if any, were caused by his own culpable and/or negligent conduct.

2) That no policy, statement, ordinance, regulation or decision officially adopted and/or promulgated by defendants or otherwise ratified by defendants authorized a deprivation of plaintiff's and/ or decedent's constitutional rights.

3) That no custom or usage adopted, followed, endorsed or ratified by defendants authorized a deprivation of plaintiff's and/or plaintiff's decedent's constitutional rights.

4) That the doctrines of respondeat superior and vicarious liability do not apply to a civil rights claim.

5) That this Court should not proceed in the absence of parties who are indispensable to the determination of this action, which parties plaintiff has failed to join.

6) That defendants' actions, if any, were justified by the facts and circumstances presented.

7) That the defendants, at all times complained of, acted reasonably and in good faith in the discharge of their official duties and responsibilities.

8) That defendants acted in what they did solely pursuant to their duties and responsibilities as law enforcement and/or prosecuting officials.

9) That defendants at all times acted in good faith in that they reasonably believed that they were exercising and acting within their statutory and constitutional powers.

10) That in performing such duties and responsibilities, defendants are and were protected by absolute and/or qualified Federal and/or State immunity.

11) That this action is barred by the doctrines of qualified and/or absolute governmental immunity for discretionary acts.

v. **Damages**

Plaintiffs seek compensatory damages (including both pain and suffering and loss of life damages) in an amount to be determined at trial, and reasonable attorneys' fees and costs.

vi. **Jury or Bench Trial**

The parties agree that the case is to be tried with a jury, and that approximately 5-8 trial days will be needed.

vii. **District or Magistrate Judge**

The parties do not consent to trial before a Magistrate Judge.

viii. **Stipulations**

The parties have not agreed upon any factual stipulations but will endeavor to do so as the trial approaches.

ix. **Names and Addresses of Witnesses**

Plaintiff's Witnesses

    a.    Glynice Simmons, Plaintiff
           c/o Brett H. Klein, Esq., PLLC
           305 Broadway, Suite 600
           New York, New York 10007

Ms. Simmons will testify about her son, the decedent, including about the nature of his disability and the value of his life.

    b.       Craig Steven Hilton
              c/o Brett H. Klein, Esq., PLLC
              305 Broadway, Suite 600
              New York, New York 10007

Mr. Hilton will testify about her brother, the decedent, including about the nature of his disability and the value of his life.

    c.       Patrice Simmons-Waxter
              c/o Brett H. Klein, Esq., PLLC
              305 Broadway, Suite 600
              New York, New York 10007

Ms. Simmons-Waxter will testify about her nephew, the decedent, including about the nature of his disability and the value of his life.

    d.       Brittany Jones
              Current address unknown

Ms. Jones was employed by and present at the decedent's group home during the incident. She may be subpoenaed to testify about the excessive force to which the decedent was subjected by Defendants.

    e.       Lauren Smith
              Current address unknown

Ms. Smith was employed by and present at the decedent's group home during the incident. She may be subpoenaed to testify about the excessive force to which the decedent was subjected by Defendants.

    f.       Jermaine Hendrickson
              Current address unknown

Mr. Hendrickson was employed by and present at the decedent's group home during the incident. She may be subpoenaed to testify about the excessive force to which the decedent was subjected by Defendants.

    g.       Louis Brand
              Current address unknown

Mr. Brand was one of the emergency medical technicians who responded to the scene. He may be subpoenaed to testify about when he arrived at the scene and what he observed.

    h.      George Krivosta
            c/o Arlene S. Zwilling
            Assistant County Attorney
            Suffolk County Attorney's Office
            H. Lee Dennison Bldg.
            Hauppauge, New York 11788

Mr. Kristova is Defendants' 30(b)(6) witness regarding taser issues. Plaintiff may call him to testify about whether Defendants' taser use on decedent was excessive.

    i.       Edward Bracht
            c/o Arlene S. Zwilling
            Assistant County Attorney
            Suffolk County Attorney's Office
            H. Lee Dennison Bldg.
            Hauppauge, New York 11788

Mr. Bracht is one of Defendants' 30(b)(6) witness regarding officer training. Plaintiff may call him to testify about Defendants' training and whether the use of force on the decedent was reasonable.

    j.       Raymond Sitler
            c/o Arlene S. Zwilling
            Assistant County Attorney
            Suffolk County Attorney's Office
            H. Lee Dennison Bldg.
            Hauppauge, New York 11788

Mr. Sitler is one of Defendants' 30(b)(6) witness regarding officer training. Plaintiff may call him to testify about whether Defendants' taser use on decedent was excessive.

    k.      Edward Fandrey
            c/o Arlene S. Zwilling
            Assistant County Attorney
            Suffolk County Attorney's Office
            H. Lee Dennison Bldg.
            Hauppauge, New York 11788

Mr. Kristova is the homicide detective who lead the investigation into this incident. Plaintiff may call him to testify about his investigation and findings.

  l.  Brendan O'Hara
     c/o Arlene S. Zwilling
     Assistant County Attorney
     Suffolk County Attorney's Office
     H. Lee Dennison Bldg.
     Hauppauge, New York 11788

Mr. O'Hara is a homicide detective who witnessed part of the incident. Plaintiff may call him to testify about what he observed about the incident.

  m.  Michael Milau
     c/o Arlene S. Zwilling
     Assistant County Attorney
     Suffolk County Attorney's Office
     H. Lee Dennison Bldg.
     Hauppauge, New York 11788

Mr. Milau is a homicide detective who witnessed part of the incident. Plaintiff may call him to testify about what he observed about the incident.

  n.  Susan Cataldo
     c/o Arlene S. Zwilling
     Assistant County Attorney
     Suffolk County Attorney's Office
     H. Lee Dennison Bldg.
     Hauppauge, New York 11788

Ms. Cataldo is a police officer who was present during the incident and participated in the use of force against Decedent. Plaintiff may call her to testify about what she did and observed during the incident.

  o.  Karen Grenia
     c/o Arlene S. Zwilling
     Assistant County Attorney
     Suffolk County Attorney's Office
     H. Lee Dennison Bldg.
     Hauppauge, New York 11788

Ms. Grenia is a police officer who was present during the incident and participated in the use of force against Decedent. Plaintiff may call her to testify about what she did and observed during the incident.

p. George Oliva
c/o Arlene S. Zwilling
Assistant County Attorney
Suffolk County Attorney's Office
H. Lee Dennison Bldg.
Hauppauge, New York 11788

Mr. Oliva is a police officer who was present during the incident and participated in the use of force against Decedent. Plaintiff may call him to testify about what she did and observed during the incident.

q. Sal Yovino
c/o Arlene S. Zwilling
Assistant County Attorney
Suffolk County Attorney's Office
H. Lee Dennison Bldg.
Hauppauge, New York 11788

Mr. Yovino is a police officer who was present during the incident and participated in the use of force against Decedent. Plaintiff may call him to testify about what she did and observed during the incident.

r. Richard Ciaccio
c/o Arlene S. Zwilling
Assistant County Attorney
Suffolk County Attorney's Office
H. Lee Dennison Bldg.
Hauppauge, New York 11788

Mr. Ciaccio is a police officer who was present during the incident and participated in the use of force against Decedent. Plaintiff may call him to testify about what she did and observed during the incident.

s. James Samartino
c/o Arlene S. Zwilling
Assistant County Attorney
Suffolk County Attorney's Office
H. Lee Dennison Bldg.
Hauppauge, New York 11788

Mr. Samartino is a police officer who was present during the incident and participated in the use of force against Decedent. Plaintiff may call him to testify about what she did and observed during the incident.

     t.       Jeffrey Pitkewicz
             c/o Arlene S. Zwilling
             Assistant County Attorney
             Suffolk County Attorney's Office
             H. Lee Dennison Bldg.
             Hauppauge, New York 11788

Mr. Pitkewicz is a police officer who was present during the incident and participated in the use of force against Decedent. Plaintiff may call him to testify about what she did and observed during the incident.

     u.      James Poltorak
             c/o Arlene S. Zwilling
             Assistant County Attorney
             Suffolk County Attorney's Office
             H. Lee Dennison Bldg.
             Hauppauge, New York 11788

Mr. Poltorak is a police officer who was present during the incident and participated in the use of force against Decedent. Plaintiff may call him to testify about what she did and observed during the incident.

     v.       Kevin Wustenhoff
             c/o Arlene S. Zwilling
             Assistant County Attorney
             Suffolk County Attorney's Office
             H. Lee Dennison Bldg.
             Hauppauge, New York 11788

Mr. Wustenhoff is a police officer who was present during the incident and participated in the use of force against Decedent. Plaintiff may call him to testify about what she did and observed during the incident.

     w.     Steven Turner
             c/o Arlene S. Zwilling
             Assistant County Attorney
             Suffolk County Attorney's Office
             H. Lee Dennison Bldg.
             Hauppauge, New York 11788

Mr. Turner is a police officer who was present during the incident and participated in the use of force against Decedent. Plaintiff may call him to testify about what she did and observed during the incident.

x.      Frank Leotta
                c/o Arlene S. Zwilling
                Assistant County Attorney
                Suffolk County Attorney's Office
                H. Lee Dennison Bldg.
                Hauppauge, New York 11788

Mr. Leotta is a police officer who was present during the incident and was the supervising officer who directed the use of force against Decedent. Plaintiff may call him to testify about what she did and observed during the incident.

        y.      Dr. Maura DeJoseph
                Office of the Chief Medical Examiner
                11 Shuttle Road
                Farmington, CT 06032

Dr. DeJoseph is the medical examiner who performed the autopsy. Plaintiff may call her to testify about the cause of decedent's death.

        z.      Dr. Michael Baden
                15 W 53rd Street
                New York, NY 10019

Dr. Baden is Plaintiff's expert witness who may be called to testify about the cause of decedent's death and the nature and extent of his pain and suffering.

Plaintiff further reserves the right to call any witnesses identified by Defendants.

Defendants' Witnesses

In addition to those witnesses listed by plaintiff, whom defendants reserve the right to call as witnesses regardless of whether or not called by plaintiff, defendants intend to call the following persons as witnesses:

        1)      Charles M. Wetli, M.D.
                2 Berkery Place
                Alpine, New Jersey

Dr. Wetli is defendants' forensic pathology expert who is expected to testify concerning his assessment of the cause and manner of decedent's death, and the circumstances of his pain and suffering, if any.

2) Anthony Boccimuzzo
C/O Suffolk County Attorney's Office
H. Lee Dennison Building

Witness is a supervisor with the Suffolk county Police Department's Communications Bureau.  If needed, witness will testify regarding the functioning of the Police Department's radio and computer systems.

### x.     Deposition Testimony

Plaintiff does not anticipate that he will present deposition testimony instead of live testimony during his case-in-chief, but reserves the right to use deposition testimony for impeachment, for rebuttal, or to the extent a live witness listed in the Joint Pre-Trial Order is not called at trial.

Because it is possible that Dr. DeJoseph and/or Detective Fandrey may not be available for trial, Plaintiff hereby designates the following portions of their deposition transcripts to be admitted into evidence:

DeJoseph 3:18-19, 4:17-5:1, 5:24-6:3, 6:8-16, 7:1-8, 8:12-17, 8:18-11:4, 12:7-14, 13:12-25, 14:1-14, 15:2-13, 18:11-16, 21:3-5, 22:12-15, 23:18-20, 24:19-25:6, 25:16-20, 34:3-8, 41:1-25, 43:14-24, 44:23-45:2, 50:16-51:5, 54:10-15, 55:3-8, 57:12-16, 59:16-60:11, 61:12-23. 63:18-64:19,  69:10-13, 72:1-5, 73:8-10, 83:2-7, 93:7-24, 95:11-96:1, 96:15-98:1, 98:23-99:1, 101:8-18, 109:20-25, 111:2-4.

Fandrey I 6:4-10, 6:14-25, 7:13-18, 10:12-24, 11:7-9, 42:17-43:44:4, 47:7-20, 52:10-15, 68:6-69:12, 99:11-100:2, 112:7-15, 115:10-116:9, 120:12-121:10, 124:7-125:13, 146:20-24, 149:5-12, 157:3-9, 165:2-23, 173:22-176:6, 181:6-15, 183:11-17, 192:16-193:10, 195:9-21.

Fandrey II  15:18-16:10.

In case Dr. DeJoseph, Detective Fandrey, Detective O'Hara and/or Detective Milau are not available for trial, defendants hereby designates the following portions of their deposition transcripts to be admitted into evidence:

DeJoseph:  7:1-8:8, 13:12-25, 42:23-43:8,  68:19- 70:4, 98:2-22, 103:7-22, 109:4-25, 110:1-11.

Fandrey 67:23-71:8, 84:13-16,  99:11-100:2, 116:3-9.

Milau  12:2---23:2.

O'Hara  18:52-20:20,

### xi. Exhibits

Each party provides its list of trial exhibits subject to the following reservations of rights:

Plaintiff's Exhibits

1. Audio Recordings of Police Radio Transmissions
2. Various Autopsy Photos
3. Diagram of Maryhaven Home (marked by Plaintiff as 000022)
4. Police Academy Lesson Plan (produced 10.25.16)
5. Investigator's notebook sketch (Cataldo Ex. 1)
6. Firearms Report (Cataldo Ex. 2)
7. Event Detail Report (Cataldo Ex. 3)
8. Supplementary Report (Cataldo Ex. 4)
9. Injured Employee Report (Cataldo Ex. 5)
10. Rule and Procedures PMI guidelines (Cataldo Ex. 6)
11. Hand-drawn diagram (Grenia Ex. 2)
12. Supplemental Report (Karen Grenia) (Grenia Ex. 3)
13. Timeline (handwritten) (Grenia Ex. 4)
14. Event Detail Report (Grenia Ex. 5)
15. Supplementary Report (Ciaccio) (Grenia Ex. 6)
16. Ambulance Report (Grenia Ex. 7)
17. PCR (Oliva Ex. 1)
18. Supplementary Report (Oliva Ex. 2)
19. Drawing (Oliva Ex. 3)
20. Injured Employee Report (Oliva Ex. 4)
21. Supplementary Report (Yovino Ex. 1)
22. Supplementary Report (Yovino Ex. 2)
23. Diagram (Yovino Ex. 3)
24. Written Document (Yovino Ex. 4)
25. Supplementary Report (Ciaccio Ex. 1)
26. Event Detail Report (Ciaccio Ex. 2)
27. Supplementary Report (Samartino Ex. 1)
28. Diagram (Samartino Ex. 3)
29. Supplementary Report (Pitkewics Ex. 1)
30. Supplementary Report (Poltorak Ex. 1)
31. Notes (Poltorak Ex. 2)
32. Drawing (Poltorak Ex. 3)
33. Supplementary Report (Wuestenhoff Ex. 1)
34. Drawn diagram (Wuestenhoff Ex. 2)
35. Supplementary Report (Turner Ex. 1)
36. Supplementary Report (Fierro Ex. 1)
37. Supplementary Report (Leotta Ex. 1)

38. One page document (Milau Ex. 1)
39. One page document (Milau Ex. 2)
40. Notes (O'Hara Ex. 1)
41. Krivosta Curriculum Vitae (Krivosta Ex. 1)
42. Firearms Report (Krivosta Ex. 2)
43. Firearms Report (Krivosta Ex. 3)
44. Crime Scene Recovery Report (Krivosta Ex. 4)
45. Personal notes (Krivosta Ex. 5)
46. Color photograph (Krivosta Ex. 6)
47. Color photograph (Krivosta Ex. 7)
48. Color photograph (Krivosta Ex. 8)
49. Color photograph (Krivosta Ex. 9)
50. Color photograph (Krivosta Ex. 10)
51. Color photograph (Krivosta Ex. 11)
52. Color photograph (Krivosta Ex. 12)
53. Color photograph (Krivosta Ex. 13)
54. Color photograph (Krivosta Ex. 14)
55. Color photograph (Krivosta Ex. 15)
56. Color photograph (Krivosta Ex. 16)
57. Color photograph (Krivosta Ex. 17)
58. Detective Sheridan's notes (Fandrey Ex. 1)
59. Homicide Squad Investigation Report (Fandrey Ex. 2)
60. Suffolk Country Crime Laboratory Evidence Report (Fandrey Ex. 3)
61. "Portella Notes" PDF File (Fandrey Ex. 4)
62. "Milau Notes" PDF File (Fandrey Ex. 5)
63. "Grand Jury" PDF File (Fandrey Ex. 6)
64. "Notes" PDF File (Fandrey Ex. 7)
65. "Fandrey Notes" PDF File (Fandrey Ex. 8)
66. Photocopy of note (Fandrey Ex. 9)
67. Notes re conversations between ME office and PD (Fandrey Ex. 10)
68. "Caplan DE Suffolk County" PDF File (Fandrey Ex. 11)
69. Handwritten Notes (Fandrey Ex. 12)
70. "General Purpose Note" PDF File (Fandrey Ex. 13)
71. Document (Fandrey Ex. 14)
72. "Oliva" PDF File (Fandrey Ex. 15)
73. "Grenia" PDF File (Fandrey Ex. 16)
74. "Cataldo" PDF File (Fandrey Ex. 17)
75. "Pitkewics" PDF File (Fandrey Ex. 18)
76. "Poltorak" PDF File (Fandrey Ex. 19)
77. "Samartino" PDF File (Fandrey Ex. 20)
78. "Ciaccio" PDF File (Fandrey Ex. 21)
79. "Leotta" PDF File (Fandrey Ex. 22)
80. "Yovino" PDF File (Fandrey Ex. 23)
81. "Jones, B." PDF File (Fandrey Ex. 24)
82. "Event Detail Report" PDF File (Fandrey Ex. 25)
83. Ambulance Report (Fandrey Ex. 26)

84. "CAD" (Fandrey Ex. 27)
85. "Reports" (Fandrey Ex. 28)
86. Internal Affairs Report (Fandrey Ex. 29)
87. "Family" PDF File (Fandrey Ex. 30)
88. Fandrey notes (Fandrey Ex. 1) (second deposition)
89. Lesson Plan (Sitler Ex. 1) (first deposition)
90. Current version of the curriculum (Sitler Ex. 2) (first deposition)
91. Mental Health Recruit Curriculum (Sitler Ex. 1) (second deposition)
92. Autism Spectrum Disorders (Sitler Ex. 2) (second deposition)
93. Basic course for police officers (Sitler Ex. 3) (second deposition)
94. Autism Spectrum Disorders (Sitler Ex. 4) (second deposition)
95. Two-page document on autism (Sitler Ex. 5) (second deposition)
96. 30(b)(6) Notice (Bracht Ex. 1)
97. 30(b)(6) Notice (Bracht Ex. 2)
98. Suffolk County Police Academy lesson plan – Use of Force (Bracht Ex. 3)
99. Suffolk County Police Department Rules and Procedures (Bracht Ex. 4)
100. Directive 11-80 (Bracht Ex. 5)
101. Dainell Simons Report of Autopsy (DeJoseph Ex. 1)
102. 07-25-2013 Supplemental Case Information (DeJoseph Ex. 2)
103. Medical appointments log sheet (DeJoseph Ex. 3)
104. Supplementary Report (DeJoseph Ex. 4)
105. 8-16-13 Handwritten Note and Attachments (DeJoseph Ex. 5)
106. Reclassification of a Case (DeJoseph Ex. 6)
107. Body Examination Form (DeJoseph Ex. 7)
108. Police Cause-of-Death Letter (DeJoseph Ex. 8)
109. Department of Health Certificate of Death (DeJoseph Ex. 9)
110. Death Correction Report (DeJoseph Ex. 10)
111. Suffolk County Medical Examiner Worksheet (DeJoseph Ex. 11)
112. Report of Autopsy dated July 25, 2013 (Baden Ex. A)
113. Michael M. Baden, M.D.'s report dated March 2, 2017 (Baden Ex. B)
114. Curriculum Vitae for Michael M. Baden, M.D. (Baden Ex. C)
115. Chronology for Dr. Baden (Baden Ex. D)
116. Letter from Charles Wetli to Arlene Zwilling April 6, 2017 (Baden Ex. E)
117. Handwritten notes by Dr. Baden (P81 through P88) (Baden Ex. F)
118. Testimonies at Trial and Deposition, 2013 to 2017 (Baden Ex. G)
119. Dr. Wetli's three page report (Wetli Ex. 1)
120. Dr. Wetli's Supplementary Report (Wetli Ex. 2)
121. Three letters from Ms. Zwilling (Wetli Ex. 3)
122. Dr. Wetli's notes (Wetli Ex. 4)
123. Email from Ms. Zwilling with attached journal article (Wetli Ex. 5)
124. "Forensic Significance of Conjunctival Petechiae" (Wetli Ex. 6)
125. Pages 124 and 125 of Dr. Wetli's treatise (Wetli Ex. 7)
126. Email from Mr. Hecker with attached autopsy report (Wetli Ex. 8)

127. Email from Dr. Wetli (Wetli Ex. 9)
128. Pages from Spitz and Fisher's treatise (Wetli Ex. 10)
129. Article titled "Positional Asphyxia in Adults" (Wetli Ex. 11)
130. Department General Order 13-24
131. Department General Order 13-30
132. Department General Order 11-39
133. Department General Order 13-51
134. Simmons family photos (P01-P80)
135. Funeral bill (P081-P082)

Defendants' Exhibits

In addition to those exhibits listed by plaintiff, which defendants reserve the right to offer into evidence if not offered by plaintiff, defendants intend to offer the following items into evidence, either in whole or in part:

1) report of Charles M. Wetli, M.D, dated April 6, 2017
2) decedent's records from Maryhaven Center of Hope (exhibits C & D to Simmons deposition.
3) decedent's Medicaid Service Coordination Notes for May 2013.
4) decedent's Maryhaven Center of Hope Behavior Support Plan- Residential dated December 5, 2012.
5) decedent's medical records from Mather Hospital dated July 24, 2013.
6) Injured Employee Report for Grenia.
7) Plaintiff's Notice of Claim.


Objections

Plaintiffs reserve the right to make relevance, prejudice, and/or character evidence objections under Rules 401, 402, 403, and 404 to Defendants' Exhibits 2, 3, and 4.

Defendants reserve the right to make relevance, prejudice, and/or character evidence objections under Rules 401, 402, 403, and 404 to Plaintiffs' Exhibits 2, 4, 10, 11, 19, 23, 28, 32, 34, 38, 39, 40, 58, 59, 60, 61, 62, 63, 64, 65, 66, 67, 69, 70, 86, 88, 89, 90, 91, 92, 93, 94, 95, 96, 97, 98, 99, 100, 113, 116, 130, 131, 132,133, and 134.

Apart from those specific objections, the Parties will not assert any objections to the admissibility of any of the exhibits listed in this Joint Pretrial Order.

Dated: New York, New York
August 3, 2017

>BRETT H. KLEIN, ESQ., PLLC
>Attorneys for the Plaintiff
>305 Broadway, Suite 600
>New York, New York
>(212) 335-0132
>
>By: _____
>     BRETT H. KLEIN


Arlene S. Zwilling
Assistant County Attorney
Suffolk County Attorney's Office
H. Lee Dennison Bldg.
Hauppauge, New York 11788
(631) 853-4055

By: _____
    ARLENE ZWILLING


SO ORDERED:


_____
Hon. Ann Donnelly
United States District Judge