UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

GLYNICE SIMMONS, individually and as
Administratrix of the ESTATE OF DAINELL
ERIK SIMMONS,

14 CV 3884 (AMD) (ARL)

Plaintiffs,

**DECLARATION OF
GLYNICE SIMMONS IN
SUPPORT OF
COMPROMISE ORDER**

-against-

COUNTY OF SUFFOLK; George Oliva; Karen Grenia;
Susan Cataldo; Sal Yovino; James Poltorak; Kevin
Wuestenhoff; Jeffrey Pitkewics; Steven Turner; Richard
Ciaccio, James Samartino; Denise Fierro; Frank Leotta, and
POLICE OFFICERS "JOHN DOE" 1-10,

Defendants.

-----------------------------------------------------------------X

    **GLYNICE SIMMONS** hereby declares the following to be true under penalty of perjury, pursuant to 28 U.S.C. § 1746:

    1.    I am the Plaintiff in the above-captioned civil rights action. I respectfully submit this Declaration in support of Plaintiff's application for the Court to execute the attached proposed Order of Compromise pursuant to Local Rule 83.2(b), N.Y. E.P.T.L. § 5-4.6, and N.Y. G.M.L. § 6-n(10).

    2.    The parties have agreed to settle this case for a total of $1,850,000.00 inclusive of all costs, disbursements, and attorney's fees. This settlement amount was the result of extensive arms'-length negotiations between counsel for the parties, culminating in a settlement conference supervised by Magistrate Judge Lindsay. The settlement amount reflects the seriousness and strength of Plaintiff's claims, the viability of Defendants' defenses, and the significant trial risk

1

that both sides faced. I was present for and involved in all stages of the aforementioned negotiations. The final agreed upon amount is a fair and reasonable settlement.

3. I entered into a retainer agreement with my attorneys, Brett H. Klein, Esq., PLLC, and Cuti, Hecker Wang LLP, agreeing to a legal fee in the amount of one third (1/3) of the net recovery, after the reimbursement of out-of-pocket case expenses. This is a standard fee arrangement in a case such as this, and it is fair and reasonable.

4. My attorneys incurred a total of $25,661.33 in out-of-pocket costs in this action, which includes filing fees, medical record fees, deposition transcript fees, expert witness fees, travel expenses, and other miscellaneous disbursements. I have reviewed a detailed statement setting forth each of the aforementioned out-of-pocket expenses, and can attest that these costs were reasonably incurred in the prosecution of this action and agree to my attorneys being reimbursed for all such expenses pursuant to the retainer agreement.

5. After this $25,661.33 in out-of-pocket costs is reimbursed to my attorneys, the net recovery to the Estate is $1,824,338.67. One third of the net recovery is $608,112.89, which is the fee that is due to my attorneys. This amount is fair and reasonable given the facts and circumstances of this case.

6. I wish to express my gratitude to the Court for its time and consideration in this tragic case.

Dated: July 6, 2018
Uniondale, New York

By: *Glynice Simmons*
Glynice Simmons